Motion to dismiss appeal denied September 11, 1917.
Argued on the merits March 1, reversed with directions March 26,
rehearing denied April 23, 1918.

# ENNEBERG *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.*

(167 Pac. 310; 171 Pac. 765.)

**Master and Servant—Workmen's Compensation—Appeal—Motion to Dismiss—Finality of Judgment.**

1. Notice of appeal reading, "Please take notice that the defendant above named hereby appeals from the whole of the certain judgment made and rendered in this action by said court on" a date named, "a copy of which judgment is hereto annexed," shows an appealable judgment, and claimant's motion to dismiss because the appeal is from an order of the Circuit Court dismissing an appeal is not sustained by the record.

**Master and Servant—Workmen's Compensation—Appeal—Transcript of Testimony.**

2. An appeal can be prosecuted by the State Industrial Accident Commission from judgment on appeal in the Circuit Court without filing in the Supreme Court a complete transcript of the evidence taken in the trial court.

**Appeal and Error—Bond—Necessity—Appeal by Industrial Accident Commission.**

3. Where the State Industrial Accident Commission appeals, it is not required to file an undertaking.

## ON THE MERITS.

**Master and Servant—Workmen's Compensation—Notice of Appeal—Time.**

4. An applicant for compensation for personal injuries under the Workmen's Compensation Act (Laws 1913, c. 112) was awarded a monthly sum for temporary total disabilities each month for a period of seven months. When the last installment was due, a blank form labeled "Final Settlement Voucher" was sent plaintiff, but was returned by him unsigned, and was again sent to him with a request for his signature on the 16th of November, 1915. The voucher, which was signed and subsequently filed with the commission, recited that it was in final settlement that the sum of $300 had theretofore been paid, and acknowledged the receipt of the further sum of $50 in full discharge of the obligations of the state. On November 13, 1916, plaintiff's attorney filed a notice of appeal from the decision of the industrial board. The statute provides that no appeal shall be entertained unless notice of appeal shall have been served by mail or personally upon some member of the commission within 30 days follow-

*On the construction and effect of Workmen's Compensation Acts generally, see extensive note in L. R. A. 1916A, 23.    REPORTER.

ing the rendition of the decision appealed from, and actual communication thereof to the person affected thereby. *Held*, that the final voucher sent to plaintiff constituted notice to him of the decision of the commission to suspend payment, and the notice of appeal being filed more than 30 days thereafter was too late.

[As to review of facts on appeal under Workmen's Compensation Act, see note in Ann. Cas. 1916B, 475.]

Denied September 11, 1917.

ON MOTION TO DISMISS.

(167 Pac. 310.)

From Columbia: JAMES A. EAKIN, Judge.

*Mr. Milo C. King,* for the motion.

*Mr. George M. Brown,* Attorney General, and *Mr. Joseph A. Benjamin,* Assistant Attorney General, *contra.*

In Banc.

BENSON, J.—Plaintiff moves to dismiss the appeal upon three grounds:

(a) That an order denying defendant's motion to dismiss an appeal in the Circuit Court is not an appealable order.

(b) That an appeal cannot be prosecuted unless appellant files in this court a complete transcript of the evidence taken in the trial court.

(c) That defendant has not filed an undertaking on appeal.

1. Considering these in their order, we observe that the notice of appeal reads as follows:

"Please take notice that the defendant above named hereby appeals from the whole of the certain judgment made and rendered in this action by said court on the 24th day of January, 1917, a copy of which judgment is hereto annexed."

The judgment is a final one for the recovery of money, and the point raised by plaintiff is not supported by the record.

2. As regards the second ground, we are not aware of any statute compelling an appellant to bring up a transcript of the testimony and our attention is not called to any authority justifying such contention.

.3. Finally, it was settled in *Miller* v. *State Industrial Accident Commission,* 84 Or. 507 (159 Pac. 1150), that when the commission appeals, it is not required to file an undertaking.

The motion is therefore denied.

MOTION TO DISMISS DENIED.

Reversed and remanded March 26, 1918.

ON THE MERITS.

(171 Pac. 765.)

From Columbia: JAMES A. EAKIN, Judge.

Department 1.    O. Enneberg was injured on March 9, 1915, while working for an employer who was subject to the Workmen's Compensation Act: Chapter 112, Laws 1913.    Enneberg filed a claim for compensation with the State Industrial Accident Commission on June 14, 1915.    An award of $50 for temporary total disability was made each month by the commission for a period of seven months.    The first monthly award was made on April 14, 1915, and the last on October 14, 1915.    A blank form, labeled "Final Settlement Voucher," was sent to the plaintiff by the commission.    Apparently Enneberg returned the blank form without signing it,. for under date of November 6, 1915, the commission addressed a letter to him saying

"we are again returning to you our final settlement voucher showing the balance of $50 due you. There is nothing in our findings that would show that you are entitled to any further payments, therefore, if you sign the enclosed voucher and return to us we will be glad to forward to you a warrant for $50, as final settlement, as soon as possible."

The voucher was signed by Enneberg and returned to the commission, but the latter, under date of November 16, 1915, again sent the instrument to Enneberg so that it could be signed by witnesses. The voucher was signed by two witnesses and finally filed with the commission. The Final Settlement Voucher as signed, witnessed and filed reads as follows:

"FINAL SETTLEMENT VOUCHER.
"October 18, 1915.

Claim No. 4286.
"State of Oregon.                          Class A.
    "To O. Ennenberg, Dr.              Firm No. 277.
        "(Postoffice Address) Buxton, Oregon.

"AWARD.   Computed on basis of time lost.   Seven months —— working days, being compensation under Chapter 112, Laws 1913, as amended by Chapter 271, Laws 1915, in full settlement of claim, of above claimant for injury occurring on the 9th day of March, 1915, at Buxton, Oregon, as allowed and approved by the findings and order of the State Industrial Accident Commission on record in the commission's office, $350.00.

"State of Oregon,
    County of ........ss.
                                    "........... 191...
    "For and in consideration of the sum of $300.00, *heretofore paid to me,* and the *further sum* of $50.00, receipt of which is hereby acknowledged, I, O. Enneberg, the undersigned, do hereby release and discharge the State of Oregon from any and all further liabili-

ties or obligations for or on account of that certain personal injury by accident arising out of and in the course of my employment, received by me, and heretofore fully reported and described to the State Industrial Accident Commission in my claim for compensation, made in accordance with the provisions of Chapter 112, Laws 1913, and Chapter 271, Laws 1915.

"(Sign here)    O. ENNEBERG.

(Write name clearly.    Claimants unable to write must make (X) mark.)

"Witnesses to signature:
    "MINNIE ENNEBERG.
"Postoffice Address: Veronia.

    "ARTHUR KRUM.
"Postoffice Address: Veronia.

"To secure prompt payment of this claim, sign the above blank and forward immediately to the State Industrial Accident Commission, Salem, Oregon.

"This must be signed before warrant for the amount can be drawn."

Under date of October 5, 1916, Milo C. King, as attorney for Enneberg, wrote to the commission and on October 11, 1916, the latter addressed a letter to Mr. King saying that Enneberg

"was settled with in full and final voucher received. Under the law his right of appeal has expired and we feel that no injustice can be done by refusing further payment in this case."

On November 13, 1916, Milo C. King, as attorney for Enneberg, filed a notice of appeal, dated October 31, 1916, with the county clerk of Columbia County stating that the plaintiff appeals to the Circuit Court

"from the decision rendered by the State Industrial Accident Commission on the 11th day of October, 1916, in favor of the defendant in said matter and against said plaintiff."

The State Industrial Accident Commission moved to dismiss the appeal for the reason that the time allowed

for taking an appeal to the Circuit Court had expired
before the plaintiff gave notice of appeal. The motion
was denied by the trial court. A trial by jury resulted
in a verdict for the plaintiff, and the defendant ap-
pealed from the consequent judgment.

REVERSED WITH DIRECTIONS.

For appellant there was a brief over the names of
*Mr. George M. Brown,* Attorney General, and *Mr.
Joseph A. Benjamin,* Assistant Attorney General, with
an oral argument by *Mr. Benjamin.*

For respondent there was a brief and an oral argu-
ment by *Mr. Milo C. King.*

HARRIS, J.—4. A workman may have a decision of
the commission reviewed by a proceeding in the nature
of an appeal to the Circuit Court; but the statute also
provides that

"no such appeal shall be entertained unless notice of
appeal shall have been served by mail or personally
upon some member of the commission within thirty
days following the rendition of the decision appealed
from and actual communication thereof to the person
affected thereby."

In October, 1915, the commission decided to discon-
tinue payments. The letter written by the commis-
sion to Enneberg on October 11, 1916, was not a
decision; it merely gave the information that final
settlement had been made with Enneberg in 1915 and
that the right of appeal had expired. The last deci-
sion rendered by the commission was made in 1915.
The letter of October 11, 1916, merely related what had
occurred a year before.

The plaintiff takes the position that the final settle-
ment voucher did not constitute notice of the decision

of the commission.   The letter written by the commission on November 6, 1915, to Enneberg may be laid out of the case, although it was of itself actual notice of the decision made by the commission.   Turning to the voucher, it will be seen that it speaks of an award of $350 in final settlement of the claim as allowed by the findings and order of the commission on record in its office.   Enneberg had already received $300 and the remaining sum of $50 was yet to be paid; and the voucher provides that in consideration of the $300 previously paid and the further sum of $50 to be paid, Enneberg releases and discharges the State of Oregon from all further liability.   The voucher told him in plain language that the commission had already paid him $300 and had decided to pay him an additional $50 in full settlement of his claim for compensation. The voucher is not ambiguous; its language is not deceptive; it is plain and understandable; and actual notice of the decision made by the commission is conveyed to anyone who reads the voucher.

It is not necessary to fix the exact date when Enneberg signed the final settlement voucher but it is sufficient to say that he signed it some time before November 16, 1915.   The right to appeal is lost unless initiated within the time prescribed by statute.   The plaintiff did not appeal within thirty days following the rendition of the decision of the commission and actual communication thereof, and therefore the Circuit Court was without jurisdiction.   It follows that the judgment must be reversed with directions to the Circuit Court to sustain the motion to dismiss the appeal; and it is so ordered.

REVERSED WITH DIRECTIONS.   REHEARING DENIED.

McBRIDE, C. J., BENSON and BURNETT, JJ., concur.