Argued April 18, reversed and remanded May 31, rehearing denied November 21, 1922.

# DEGIDIO *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

### (207 Pac. 176.)

**Master and Servant—Commission's Final Decision on Application for Compensation Conclusive in Absence of Appeal.**

1.  All questions arising out of the facts, circumstances and conditions surrounding an injury for which a claim for compensation is made under workmen's compensation law (§§ 6616, 6626, Or. L.) existing and known at the time of the decision on the original application provided for by Section 6632 are concluded by the final decision of the Industrial Accident Commission on the application unless an appeal is taken to the Circuit Court under Section 6637, as amended by Laws of 1921, page 564, and a different result obtained.

**Master and Servant—Final Decision on Application for Increase of Compensation Prerequisite to Appeal.**

2.  To authorize a rearrangement of compensation provided for by the workmen's compensation law (§ 6616, Or. L., and § 6626, subd. (i) in the form of an increase thereof, the workman must comply with Section 6632, subdivision (c), by filing an application showing

---

1.  Right and extent of review of findings of commission under Workmen's Compensation Act, see notes in **Ann. Cas.** 1916B, 475; **Ann. Cas.** 1918B, 647; **L. R. A.** 1916A, 178, 266; **L. R. A.** 1917D, 186.

a change of circumstances warranting such increase, and that the aggravation of disability, for which the increase is claimed has taken place or been discovered after the rate of compensation was originally established; and a final decision upon such an application by the Industrial Accident Commission in the exercise of the powers given by Section 6611 is a prerequisite to the right to appeal to the Circuit Court under Section 6637, as amended by Laws of 1921, page 564.

Master and Servant—Letters Held not an "Application" for Increase of Compensation or a "Decision" Authorizing Appeal.
3. Letters addressed by an injured workman to the State Industrial Accident Commission asking an increase or rearrangement of compensation and a report of the medical examiner of the commission and letters of the commission in reply *held* not to constitute an application under workmen's compensation law (§ 6632, subd. (c), Or. L.), for increase or rearrangement of compensation, nor a final decision from which an appeal under Section 6637 was authorized.

From Multnomah: H. H. BELT, Judge.

In Banc.

REVERSED AND REMANDED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. James West,* Assistant Attorney General, with an oral argument by *Mr. West.*

For respondent there was a brief over the name of *Messrs. McGuirk & Schneider,* with an oral argument by *Mr. Walter T. McGuirk.*

McCOURT, J.—This appeal is prosecuted by the State Industrial Accident Commission from a judgment of the Circuit Court for Multnomah County in favor of plaintiff.

On January 23, 1920, plaintiff filed with the commission a claim for compensation for an injury to his arm and shoulder sustained by him on January 1, 1920, while he was employed by the American Export Lumber Company at Rainier, Oregon. Plaintiff at the time was subject to the Oregon workmen's compensation law, and the injury sustained by him re-

sulted from an accident arising out of and in the course of his employment.

Final action was taken by the commission on plaintiff's application for compensation on September 22, 1920, of which plaintiff was forthwith notified. In its decision the commission found that plaintiff was disabled for five months, and that he was permanently partially disabled to the extent of the loss of 5 per cent function of his right arm; based upon the injury thus found, the commission awarded plaintiff the sum of $590.85, in accordance with the provisions of the workmen's compensation law, in full settlement of any and all claims arising out of his injury. The sum so awarded was paid to plaintiff and accepted by him; the last payment was made on October 25, 1920.

Plaintiff did not appeal from the decision or the findings of the commission above mentioned. Plaintiff on November 21, 1920, and again on February 21, 1921, wrote to the commission, complaining that his arm still hurt him; that he was unable to work sometimes when it was very bad, finding it hard to keep his job, and requested the commission to advise him whether he was entitled to more compensation. The commission in each instance promptly replied to plaintiff's letter, advising him that the award of compensation in his favor made on September 22, 1920, was final and in full settlement of his claim, and that he was not entitled to further compensation.

On August 12, 1921, plaintiff presented himself at the Portland office of the commission, and requested a medical examination. A medical examiner for the commission thereupon examined the plaintiff, and found his arm freely movable in all directions, and discovered no objective disability, and advised plain-

tiff that there was no reason for changing the award previously made.

On August 15, 1921, the plaintiff directed the following letter to the commission:

"I am writing you in reference to an accident which I received compensation for and thought that I was all right. But same injuries are present bothering me to the extent that I am unable to work and my doctor states that an operation may be necessary right away so I am writing to you through his reference in hopes that I may be entitled to further compensation. My doctor is Doctor Akin, Corbett Bldg., Portland, Oregon. And case in question is 82435.

"Hoping that I or Dr. Akin might receive a reply from your office, I remain * * ".

On behalf of the commission, one of its claim agents, on August 19, 1921, replied to the above letter as follows:

"Replying to your letter of August 15 wish to say that you were advised when you were in our Portland Office, August 12, that the commission would not be responsible for your doctor bills. You have already received the entire amount of compensation to which you are entitled under the provisions of the law, and accordingly there is no further action for the commission to take in your case.

"Yours truly,
"STATE INDUSTRIAL ACCIDENT COMMISSION,
"Claim Agent."

On August 21, 1921, plaintiff addressed another letter to the commission, as follows:

"Recd. your letter of the 20th inst., and will reply will say I was to Dr. Akin and he took an X-ray of my shoulder and discovered that it is bad shape. He has an idea that there is a piece of bone that causes the shoulder to pain me and to get it in shape again Dr. Akin says that I must undergo an operation to

get it in shape again. And when I do have to have this done and in the hospital who is to care for my family as this trouble I am having with my shoulder and unable to work is caused from this fall. So I am writing to ask you to do the right thing and if you do not then I will have to take other measures. Hoping to get a satisfactory answer from you, I remain * * ."

To the last above letter the commission, through a claim agent, replied on August 23, 1921, as follows:

"This acknowledges receipt of your letter of August 21 and in reply we desire to refer you to ours of August 19. You were informed at that time that the commission would take no further action on your case. The findings and final action of this commission dated September 22, 1920, covers the final award in your claim.

"Yours truly,
"State Ind. Accident Commission,
"Claim Agent."

On August 26, 1921, plaintiff filed a notice of appeal in the Circuit Court, in which he gave notice that he appealed "from the final decision of the State Industrial Accident Commission of Oregon, dated August 12, August 19 and August 23, 1921." The action of the commission at which plaintiff's notice of appeal was directed was the report of the medical examiner to the commission of the physical examination of plaintiff had August 12th, and the letters of August 19 and August 23, 1921, directed to plaintiff, which are above set out.

The commission interposed a motion to dismiss plaintiff's said appeal, alleging as a reason for granting its motion to dismiss—

" * * that the defendant has not since September 22, 1920, made any decision relative to the claim of Antonio Degidio for compensation under Chapter I

of Title XXXVII of Oregon Laws, and that the time in which plaintiff is entitled to appeal has long since expired.''

The Circuit Court on September 13, 1921, denied and overruled the motion of the commission to dismiss the appeal, and proceeded to try the matter to a jury. The jury by its verdict found that there was an aggravation of plaintiff's injury subsequent to the award made by the commission of a loss of 25 per cent function of his right arm. Upon this verdict the court made findings and rendered a judgment, referring the claim back to the commission, with an order directing it to fix the compensation in accordance with the findings made by the court.

The first question presented by this appeal arises upon an assignment of error predicated upon the action of the Circuit Court in overruling defendant's motion to dismiss plaintiff's appeal to that court.

The workmen's compensation law designates those workmen engaged in hazardous occupations who may be entitled to compensation under its provisions (Section 6616, Or. L.); describes the personal injuries for which compensation shall be awarded, and fixes the amount that shall be paid an injured workman for each of numerous personal injuries that may result to a workman when any of such injuries result in disability to an extent defined by the statute, and also fixes the length of time that the payments to the injured workman for such disability may continue: Section 6626, Or. L.

The State Industrial Accident Commission is charged with the administration of the provisions of the workmen's compensation law (Section 6611, Or. L.); and is given full power and authority to hear and determine all questions within its jurisdiction:

Section 6637, Or. L., as amended by Act of February 26, 1921 (Laws 1921, Chap. 311).

The power and jurisdiction thus vested in the commission is continuing, and by virtue thereof the commission may from time to time modify or change former findings or orders where the circumstances of the case justify such modifications or change: Section 6632, subd. e, Or. L.

In order to obtain the compensation provided by the statute, the workman or his beneficiary must file with the commission an application for such compensation on blanks furnished by the commission: Section 6632, subd. a, Or. L. In such application the claimant must furnish and state such pertinent facts relating to the injury and the employment of the workman as are called for by the blanks, to the end that the commission may intelligently pass upon the claim, and determine with reasonable certainty the presence or absence, as the case may be, of facts and circumstances authorizing compensation under the statute. The above-mentioned requirement of filing a formal claim upon blanks furnished by the commission governs applications for increase or rearrangement of compensation due to aggravation of an injury, upon which the rate of compensation shall have been established by a prior final decision of the commission: Section 6632, subd. c, Or. L.

1. All questions arising out of the facts, circumstances and conditions surrounding an injury for which claim for compensation is made, existing and known at the time of the decision upon the original application, are concluded by the final decision upon that application, unless an appeal is taken to the Circuit Court, and a different result obtained upon such appeal: Section 6637, Or. L., as amended by Act of

February 26, 1921 (Laws 1921, Chap. 311); *Iwanicki* v. *State Ind. Acc. Com.,* 104 Or. 650 (205 Pac. 990); *Enneberg* v. *State Ind. Acc. Com.,* 88 Or. 436 (167 Pac. 310, 171 Pac. 765); *Grant* v. *State Ind. Acc. Com.,* 102 Or. 26 (201 Pac. 438).

2. To authorize a rearrangement of compensation, in the form of an increase of such compensation, the application therefor must show a change of circumstances that warrants such increase or rearrangement (Section 6632, subd. c, Or. L.); and that the aggravation of disability for which the increase of compensation is claimed has taken place or has been discovered after the rate of compensation was originally established: Section 6626, subd. i, Or. L. A final decision upon such an application is a prerequisite to the right to appeal to the Circuit Court.

3. The letters of August 15th and August 21st, addressed by plaintiff to the commission, did not constitute an application for an increase or rearrangement of compensation in compliance with the statute. They amounted to no more than notice that plaintiff contemplated making such an application. Taken singly or together, the report of the medical examiner for the commission, made August 12, 1921, and the letters of the commission written in reply to plaintiff's letters, and dated respectively August 19th and August 23d, did not constitute a decision from which an appeal is authorized: *Enneberg* v. *State Ind. Acc. Com.,* 88 Or. 436 (167 Pac. 310, 171 Pac. 765); *Iwanicki* v. *State Ind. Acc. Com.,* 104 Or. 650 (205 Pac. 990). The letters to plaintiff merely referred to the final decision of the commission upon plaintiff's claim, dated September 22, 1920, and expressed the view of the writer (not the commission), that the action of the commission then taken closed the case.

The record of the appeal to the Circuit Court in the recent case of *Iwanicki* v. *State Ind. Acc. Com.*, .104 Or. 650 (205 Pac. 990), did not differ in any material particular from the record upon appeal to the Circuit Court in this case; there it was held that the letters written by the commission to the claimant did not constitute a decision from which an appeal would lie. Mr. Chief Justice Burnett, speaking for the court in the Iwanicki case, said:

"In order, therefore, for the claimant to obtain an increase or rearrangement of compensation he must make an application and show some change of circumstance which would warrant the desired increase. ·

"It is not contemplated by the statute that a new trial shall be granted and the case reopened before the commission on the old application. * * "

" * * the letter of July 11, being merely narrative of past occurrences happening before the commission, was not a decision within the meaning of the Enneberg case."

The Circuit Court was in error in not dismissing the appeal. In view of the conclusion expressed concerning plaintiff's appeal, it is unnecessary to examine the other questions arising upon the record.

The judgment of the Circuit Court is reversed and the case remanded to the Circuit Court, with directions to grant defendant's motion to dismiss the appeal.

Reversed and Remanded. Rehearing Denied.

Burnett, C. J., took no part in the consideration of this case.