Argued April 10, reversed June 12, 1923.

GRUNNETT v. STATE INDUSTRIAL ACCIDENT COMMISSION.

(215 Pac. 881.)

**Master and Servant—Denial of Compensation for Aggravation of Disability Appealable.**

1. Aggravation of disability gives a right to compensation equal in dignity to the right of compensation which arises in the first instance; and the denial of either of such rights enables the workman to appeal to the Circuit Court.

**Master and Servant—Questions Determined on Original Application for Compensation cannot be Relitigated on Application for Compensation for Aggravation of Disability.**

2. If an injured workman does not appeal from a final decision upon an original application for compensation, but is satisfied with award, and afterwards files an application for compensation for aggravation of disability, he cannot, on appeal to the Circuit Court from an order denying such application for compensation for aggravation, relitigate questions arising out of the facts, circumstances, and conditions surrounding the injury existing and known at the time of the decision upon the original application.

———

2. Right and extent of review of findings of Industrial Accident Commission, see notes in Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647; L. R. A. 1917D, 186.

Master and Servant—Application for Compensation in Form of Letter Authorized.

3. Section 6632 (a) Or. L., requiring a workman to file application for compensation on blanks furnished by the commission, contemplates an application in writing; but the requirement as to blanks is directory, and therefore an application in the form of a letter is sufficient if the letter contains the requisite matter.

Master and Servant—Letter Held Insufficient as an Application for Compensation for Aggravation of Disability.

4. A letter to the Industrial Accident Commission reciting that the commission "took final action" on a claim for compensation, and stating that claimant is unable to work, and is not improving, and "has some cause for complaint," and that "rather than take an appeal" the writer "would like to have the commission open the matter and have another examination made," *held* insufficient as an application under Sections 6632 (a, c), 6626 (i), Or. L., for compensation for aggravation of disability.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 1.

On August 26, 1921, the claim of V. E. Grunnett was filed with the State Industrial Accident Commission for compensation for an injury described as "contusion of left shoulder, abrasion of left arm, abrasion of right arm," sustained on August 24, 1921, while employed by a contractor.

Under date of October 10, 1921, the commission directed to Grunnett a communication notifying him that his "time loss should be closed October 4, 1921, and compensation awarded you on account of permanent partial disability equal to 4 4/5 months." The commission also advised Grunnett as follows:

"In accordance with the provisions of the law you are entitled to receive $120 in monthly payments of $25 each or $117.43 in a lump sum payment, this latter amount being the present worth, computed at 4 per cent interest, of the amount payable in monthly payments.

"Kindly indicate your choice as to the manner in which you desire to receive this compensation by sign-

ing one of the forms below, then return this letter immediately to the commission.''

Grunnett elected to receive the lump sum of $117.43 by signing one of the forms; and thereupon on October 13, 1921, the commission made findings and entered an order of final action reciting that Grunnett

''was disabled for 1 month and 7½ days and is entitled to payment of compensation at the rate of $55 per month or a total of $70.87,'' and that he ''is permanently partially disabled to the extent of the loss of equal to 4.8 months and on account of such permanent partial disability is therefore entitled to an award in a lump sum payment amounting to $117.43.''

The workman had been paid $70.87 and it is therefore further recited that a balance of $117.43 is due him and that the award is

''made in full settlement of any and all claims arising out of such injury as above listed upon the records of the State Industrial Accident Commission.''

A copy of the order was mailed to Grunnett; and attached to the order was the commission's check for $117.43 payable to the order of Grunnett. The check was received and cashed by Grunnett.

On December 1, 1921, Fred Jensen acting as attorney for Grunnett wrote and mailed to the commission a letter which, omitting the formal parts, reads as follows:

''On October 13 last you took final action on claim number 115677, being the claim of V. E. Grunnett of 230 Shaver St. in this city. Mr. Grunnett claims that he is still unable to work and his condition is not improving. As far as I am able to determine Mr. Grunnett has some cause for complaint. Rather than take an appeal I would like to have the commission open up the matter and

have another examination made. I am convinced that the commission desires to deal fairly with every claim and in spite of what your record in this case may show, I believe it would be an injustice to Mr. Grunnett not to examine into his condition further. May I have your advice without delay.''

Immediately upon receipt of the Jensen letter, the commission under date of December 1, 1921, replied by mailing to Jensen a letter which, omitting the formal parts, reads as follows:

"Re Claim No. 115677—V. E. Grunnett.

"In reply to your letter of the 1st instant, relative to the above claimant, permit us to advise that this commission has had this claimant carefully examined by our own surgeon, and also by a disinterested surgeon, and in conformity with the report of the physicians an award has been made to him for his disability.

"In addition to this we have made other investigations relative to his case, and are convinced that he has been awarded such compensation as he is entitled to on account of his injury of August 24, 1921.''

Nine days afterwards, on December 10th, Grunnett filed a notice of appeal which so far as it is material here is as follows:

"Comes now V. E. Grunnett, by his attorneys, McGuirk & Schneider, and hereby appeals from the final decision of the State Industrial Accident Commission of Oregon, made and promulgated on the 13th day of October, 1921, in reference to the award of permanent partial disability, and the further final decision of December 1, 1921, refusing to further consider the plaintiff's injuries and to continue their jurisdiction and to make an award which would further compensate him for the aggravation and disability he was then suffering, both of said orders and final decision denying and refusing payment

of an award to the above named plaintiff for injuries
sustained by him while in the employ of A. H. Bar-
bour, in the city of Portland, county of Multnomah,
state of Oregon, on or about the 24th day of August,
1921, and refusing to continue their jurisdiction over
plaintiff's case and to award him further compensa-
tion for his injuries and aggravation and continu-
ance of his permanent partial disability suffered as
a result of said accident, being claim No. 115677,
and plaintiff hereby appeals from the said refusal
and denial and asks for a trial by jury to determine
each and every question relating to said appeal and
claim and his right to compensation and considera-
tion and compensation until cured or fully com-
pensated."

After the evidence was submitted in the Circuit
Court a jury found that there was "an aggrava-
tion of plaintiff's injury subsequent to the award of
temporary total disability and of the allowance of per-
manent partial disability;" and the jury fixed ten
per cent as the degree of aggravation.

In conformity with the findings of the jury the
Circuit Court rendered a judgment ordering the com-
mission to fix compensation for Grunnett in accord-
ance with the findings recited in the judgment order
which, among other things, declared:

"Plaintiff made application in this court for an
award on account of the aggravation of said injury
and aggravation of said permanent partial dis-
ability which permanent partial disability and the
loss of function of the left arm and shoulder
he now suffers and which condition was not
present prior to the application for an award
for aggravated permanent partial disability in this
case.   This aggravated permanent partial disability
and loss of function of the left arm and shoulder
being 10 per cent additional aggravation to the

allowance of 5 per cent permanent partial disability hereinbefore awarded in this case."

It will be recalled that in the notice of appeal filed by the plaintiff he declares that he appealed from the decision of October 13th and also from the "further final decision of December 1, 1921." However, in the course of the trial the plaintiff made it plain that he was then satisfied with the award made on October 13th and that the only question he wished to litigate was whether or not he was entitled to compensation for aggravation occurring subsequent to October 13, 1921; and the trial was conducted by the plaintiff on the theory that the only issue to be litigated was the one of aggravation. The commission appealed from the judgment rendered in the Circuit Court.        REVERSED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle*, Attorney General, and *Mr. James West*, Assistant Attorney General, with an oral argument by *Mr. West*.

For respondent there was a brief over the name of *Messrs. McGuirk & Schneider*, with an oral argument by *Mr. Walter T. McGuirk*.

HARRIS, J.—Although the notice of appeal was filed within sixty days from October 13th and purports to give notice of appeal from both the final action of October 13th and also from the alleged decision of December 1st, the plaintiff waived any right that he may have had to question the order of October 13th, for he expressly confined himself to the issue of aggravation; and therefore the only questions for decision are connected with the subject of aggravation.

1. The right of compensation for aggravation of disability occurring or discovered after the rate of compensation has been established or compensation terminated is, as held in *Chebot* v. *State Industrial Accident Commission,* 106 Or. 660, (212 Pac. 792, 795), "of exactly the same dignity as" the "right to receive compensation in the first instance." This court speaking through Mr. Chief Justice Burnett in *Iwanicki* v. *State Industrial Accident Commission,* 104 Or. 650, 658 (205 Pac. 990), held:

"It is not contemplated by the statute that a new trial shall be granted and the case reopened before the commission on the old application. Neither is it the rule that a modification or change with respect to former findings or orders is purely discretionary and beyond the right of appeal."     .

In the case of *Chebot* v. *State Industrial Accident Commission* (212 Pac. 795), a majority of this court speaking through Mr. Justice McCourt reiterated the doctrine of the Iwanicki case and ruled:

"The duty of the commission to award compensation in a case of aggravated disability traceable to the injury upon which compensation has been allowed as the approximate cause thereof, is not discretionary, and contains no elements of discretion not associated with its duty to award compensation in the first instance."

See, also, *Benson* v. *State Industrial Accident Commission* (Or.), 215 Pac. 878. In the case of *Degidio* v. *State Industrial Accident Commission,* 105 Or. 642 (207 Pac. 176, 178), it was held:

"All questions arising out of the facts, circumstances and conditions surrounding an injury for which claim for compensation is made, existing and known at the time of the decision upon the original application, are concluded by the final decision upon

that application, unless an appeal is taken to the circuit court, and a different result obtained upon such appeal.''

Aggravation of disability gives a right to compensation equal in dignity to the right of compensation which arises in the first instance; and the denial of either of such rights enables the workman to appeal to the Circuit Court.

2. If an injured workman does not appeal from a final decision upon an original application for compensation but is satisfied with the award made by the commission on that application and afterwards files an application for compensation for alleged aggravation of disability he cannot upon appeal to the Circuit Court from an order denying such application for compensation for aggravation relitigate ''questions arising out of the facts, circumstances and conditions surrounding'' the injury ''existing and known at the time of the decision upon the original application.''

The rulings thus far mentioned dispose of all questions raised in the instant case except the claim that the record is devoid of any evidence showing an aggravated disability, and the further contention that the plaintiff did not make a sufficient application for compensation for aggravation of disability. We need not notice the claim that the record is devoid of evidence of aggravation except to say that as we read the record the plaintiff submitted enough evidence to carry the question of aggravation to the jury. The only question remaining for examination is whether the Jensen letter was sufficient to serve as an application for compensation for an aggravated disability.

3. Before examining the contention that the plaintiff did not file a sufficient application for aggravation we should remind ourselves of some of the statutory provisions affecting the question. It is provided in Section 6632 (a), Or. L.:

"Where a workman is entitled to compensation under this act he shall file with the commission his application for such compensation on blanks furnished by the commission."

The statute contemplates an application in writing; and although the statute speaks of "blanks furnished by the commission," this feature of the statute is merely directory, and consequently an application in the form of an ordinary letter is sufficient if it contains the requisite matter. In Section 6626 (i), Or. L., we read:

"If aggravation, diminution or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case, the commission may, upon the application of the beneficiary, or upon its own motion, readjust for future application the rate of compensation in accordance with the rules in this section provided, or, in a proper case, terminate the payments."

In Section 6632 (c), Or. L., it is stated:

"If change of circumstances warrants an increase or rearrangement of compensation, like application shall be made therefor. No increase or rearrangement shall be operative for any period prior to application therefor."

It was held in *Iwanicki* v. *State Industrial Accident Commission,* 104 Or. 650, 658 (205 Pac 990):

"In order, therefore, for the claimant to obtain an increase or rearrangement of compensation he must make an application and show some change

of circumstances which would warrant the desired increase."

In *Degidio* v. *State Industrial Accident Commission,* 105 Or. 642 (207 Pac. 176, 178), this court said:

"To authorize a rearrangement of compensation, in the form of an increase of such compensation, the application therefor must show a change of circumstances that warrants such increase or rearrangement (Section 6632, subd. (c), Or. L.), and that the aggravation of disability for which the increase of compensation is claimed has taken place or has been discovered after the rate of compensation was originally established (Section 6626, subd. (i), Or. L.) a final decision upon such an application is a prerequisite to the right to appeal to the circuit court."

If the letter written by Jensen of December 1, 1921, is not "a like application" within the meaning of the statute, then the judgment must be set aside because of the failure to file a sufficient application for compensation for the alleged aggravation of the disability. The fact that the writing is not a blank form furnished by the commission and filled in by plaintiff ought not to invalidate the paper, for any writing containing whatever paper is required is sufficient. Indeed it appears from the evidence that the commission did not at that time at least have any blanks to be used by applicants for compensation for aggravation. Moreover, it is proper to state that the commission does not claim that a letter will not operate as an application; for the position taken by the commission is that the letter does not ask for compensation for aggravated disability but that it is a complaint that the award

of October 13th did not allow him as much as should have been allowed.

We approach the examination of the letter, or application, with the view that it must be construed liberally and in conformity with the spirit and purpose of the statute. If the letter evidences an intention to ask for compensation for aggravation of the disability, it should be treated as a sufficient application; but if on the other hand it evidences nothing more than dissatisfaction with the award of October 13th and goes on the theory that the original award did not give to the plaintiff all that ought at that time to have been given to him, then the letter of December 1st cannot be treated as an application for compensation for aggravation; and in that event the judgment must be reversed.

The letter opens by reciting that on October 13th the commission "took final action." The next sentence states that Grunnett claims that he is still unable to work and that his condition is not improving. In this connection we may again direct attention to the fact that Grunnett was injured on August 24, 1921, and that he was awarded compensation for permanent disability equal to 4-4/5 months or a period ending subsequent to December 1, 1921. The next sentence discloses that so far as the writer of the letter is able to determine Grunnett "has some cause for complaint." Manifestly the "some cause for complaint" alluded to was the "final action." The next sentence states that "rather than take an appeal" the writer "would like to have the commission open up the matter and have another examination made." Obviously the only action from which the plaintiff could have then appealed was the "final action" of October 13th to which he refers as

furnishing "some cause for complaint." In the next sentence the writer of the letter states that he is convinced that the commission desires to deal fairly "in spite of what your record in this case may show"; and that he believes that "it would be an injustice to Mr. Grunnett not to examine into his condition further." As we read the letter it does not evidence an intention to ask for compensation for aggravation. The grievance explained by the letter relates solely to the final action of October 13th. The letter expresses dissatisfaction with the award which had already been made. The letter in effect asks for a new trial on the original application. The idea conveyed by the letter is that Grunnett has some cause for complaint because of the award which had been made. The reply of December 1, 1921, mailed by the commission to Jensen indicates that the commission construed the Jensen letter just as we now construe it. It is true that the notice of appeal characterizes the Jensen letter as an application for compensation for aggravation; but no language employed in the notice of appeal can make the Jensen letter different from what it really is.

4. While the statute should be liberally construed and with a view of affecting its wise and humane purposes, and while the administration of the statute should not be fettered by an unyielding insistence at all times upon the exact observance of refined technicalities which can result only in hampering and obstructing and perhaps preventing workmen from obtaining all that they are entitled to receive, it must be remembered that the State Industrial Accident Commission is charged with very important public duties and that among those duties is the duty of caring for funds which are in the nature of

trust funds. . The commission can draw upon those funds and order payment only in accordance with the law. If a workman thinks he is entitled to compensation for an aggravated disability and wishes to receive such compensation he ought in fairness to the commission to say so in plain language so that the commission may know what he wishes, and be afforded an opportunity of deciding whether he is entitled to what he wishes. In the instant case the Jensen letter of December 1st was nothing more than an application for a re-examination of the decision of October 13th and was not an application for compensation for an aggravation of the disability.

It follows that the judgment must be and it is reversed.          REVERSED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.