Submitted on brief by appellant February 10, reversed April 21, 1925.

## ALFRED   JACKSON   v.   STATE   INDUSTRIAL ACCIDENT COMMISSION.

### (235 Pac. 302.)

**Appeal and Error—For Determination of Questions Presented on Appeal, It is Necessary That Appellate Court have Jurisdiction of Subject Matter Involved.**

1. For determination of questions presented on appeal, it is necessary that appellate court have jurisdiction of subject matter involved.

**Master and Servant—Compensation Claimant Appealing must Bring Himself Within Terms of Statute.**

2. Claimant of workmen's compensation appealing from decision of Industrial Accident Commission must bring himself within terms of Section 6637, Or. L., as amended by Laws of 1921, page 583, Section 10, granting such right of appeal.

**Master and Servant — Compensation Claimant's Appeal Held not Filed in Time.**

3. Claimant's appeal from order of Industrial Accident Commission more than sixty days after notice of order that compensation was stopped, and that previous payments must be refunded, *held* dismissable   under Section 6637, Or. L., as amended by Laws of 1921, page 583, Section 10, and statement in later letter by claim agent of commission cannot be treated as determination sufficient to support appeal.

---

See (1) 3 **C. J.** 369.   (2) Workmen's Compensation Acts, **C. J.** 121 (1926 Anno.).   (3) Workmen's Compensation Acts, **C. J.** 132 (1926 Anno.).

1. See 7 **R. C. L.** 1042.
2. Review of facts on appeal under Workmen's Compensation Acts, see notes in Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647. See, also, 28 **R. C. L.** 827.

From Curry:   JOHN C. KENDALL, Judge.

In Banc.

On April 29, 1923, T. N. Hull was engaged in constructing a sawmill on Euchre Creek, a stream situate about twelve miles North of Rogue River, in Curry County, Oregon. On the day mentioned, Hull had in his employ Alfred Jackson, respondent herein, whom he had hired to accompany a truck from Gold Beach to Brookings, where he was to assist in loading sawmill machinery on to the truck for the purpose of conveying the same to Crescent City, California, from which point the machinery was to be shipped by boat to Rogue River. On going from Gold Beach to Brookings, Jackson, becoming alarmed while the truck upon which he was riding was in rapid motion over rough ground, leaped from the truck and broke his right leg near the ankle.

On May 14, 1923, Hull, Jackson's employer, filed with the State Industrial Accident Commission a report of the accident, wherein he asserted that Jackson was his employee. On May 18th, Jackson filed with the Commission his claim for compensation for injuries resulting from the accident. The Commission, after considering the two reports, allowed Jackson's claim for compensation, paying him for temporary total disability, permanent partial disability and medical and hospital attention a total sum of $2,065.54. Thereafter, on February 16, 1924, the Commission, after making further investigation of the facts surrounding the accident and the nature of the employment of the claimant, made an order that no further payments be made to him, and further ordered that Jackson be advised that he must refund the amount theretofore paid to him on account of his

claim. This order was communicated to Jackson, and correspondence ensued.

On May 13, 1924, Jackson filed notice of appeal from the order of the Commission to the Circuit Court. The Commission, through its attorney, filed a motion to dismiss the appeal, which was overruled. The trial resulted in a judgment against the Commission.

The Commission appeals to this court, asserting that the lower court erred in overruling defendant's motion to dismiss plaintiff's appeal, and in denying defendant's motions for judgment of nonsuit and for a directed verdict in favor of defendant upon the ground that the injured person was not engaged in a hazardous occupation under the provisions of the Workmen's Compensation Act.

REVERSED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Miles H. McKey,* Assistant Attorney General.

No appearance by respondent.

BROWN, J.—The State Industrial Accident Commission contends that the claimant cannot prevail for the reason that he failed to take an appeal from its order within the period of sixty days from the date of the final order as provided by Oregon Laws, Section 6637, as amended by Chapter 311, General Laws of Oregon, 1921. The Commission also main‹ tains that at the time of the accident the claimant was not engaged in a hazardous occupation within the purview of the Workmen's Compensation Act, as that term is defined by Oregon Laws, Section 6617; further, that the claimant, being engaged in

a nonhazardous occupation, is not entitled to compensation under the provisions of the act for the reason that his employer had not elected to come within the protection of the act as provided by Oregon Laws, Section 6636.

1. For a determination of all the questions presented on this appeal, it is necessary that this court have jurisdiction of the subject matter contained therein. It is fundamental that, if the court has no jurisdiction of the subject matter, the only question before us for consideration is that of the Commission's motion to dismiss the appeal. To attempt to decide any question otherwise than as authorized by law would be an idle waste of time: 17 Stand. Proc. 657; *Evans* v. *Christian*, 4 Or. 375, 377; *Dippold* v. *Cathlamet Timber Co.*, 98 Or. 183 (193 Pac. 909). In the case last above cited, this court held that, when a court has determined that it has no jurisdiction of the subject matter of an action, it cannot properly consider any other question raised in the case. To like effect are a number of local authorities therein cited. From that doctrine we shall make no departure.

Section 6637, Oregon Laws, as amended by Chapter 311, General Laws of Oregon 1921, reads:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, but any beneficiary not satisfied with the decision or findings of said commission may, within sixty days after notice of the final action of such commission, appeal to the Circuit Court of the state of Oregon for the county in which such claimant resides. * * *"

2. The claimant's right to an appeal is a statutory privilege, and he must bring himself within the terms

of the statute. In the case of *Demitro* v. *State Industrial Acc. Com.*, 110 Or. 110, 112 (223 Pac. 238), Mr. Justice BURNETT, in speaking for this court, wrote:

"The whole scheme of the Workmen's Compensation Law is purely statutory, and not according to the course of common law. It is elementary that in acquiring jurisdiction in pursuit of a statutory remedy, the requirements of the enactment must be complied with strictly."

3. The record presented for our consideration shows that the final order made by the Commission bears date February 16, 1924. The appeal was filed on May 13, 1924. The motion to dismiss the appeal was based upon the undisputed affidavit made by D. A. Elkins and E. E. Bragg, Commissioners of the State Industrial Accident Commission, reading, in part, as follows:

"State of Oregon,
County of Marion,—ss.

"We, D. A. Elkins and E. E. Bragg, having been first duly sworn, depose, and, each for himself, says: That I am, and at all times herein mentioned was, a duly appointed and acting commissioner of the State Industrial Accident Commission of the state of Oregon; that on or about the 18th day of May, 1923, Alfred Jackson, plaintiff in the above-entitled cause, filed his claim with said State Industrial Accident Commission, asking for compensation for certain injuries alleged to have been received on or about the 29th day of April, 1923, on the Gold Beach highway, Gold Beach, Curry County, said claimant alleging that he was employed by one T. N. Hull. Thereafter, said State Industrial Accident Commission, believing that said claimant, Alfred Jackson, was, in fact, employed by said T. N. Hull, and that he was entitled to the benefits of the State

Industrial Accident Law, made certain awards of compensation to said claimant. Thereafter, upon a further investigation of said claim, said Commission found that said claimant, Alfred Jackson, was not employed by said T. N. Hull at the time of said injury on April 29, 1923, and was not entitled to the benefits of the said State Industrial Accident Law, whereupon, on the 16th day of February, 1924, said Commission made an order as follows: ' * *

" 'Order of Commission—Advise claimant he must refund amount paid out on account of this claim, no further payments to be made.

" 'Claim should be adjusted in accordance with the instructions as shown above.

" 'D. A. ELKINS, Chairman.
" 'E. E. BRAGG, Commissioner.
" '_____

" 'Chief Medical Adviser.'

"That on the nineteenth day of February, 1924, said claimant, Alfred Jackson, was notified of the action of the Commission in discontinuing his award, by a letter, as follows:

" 'E–153816.                    February 19, 1924.
" 'Mr. Alfred Jackson,
" 'Brookings, Oregon.

" 'Claim No. 153816.

" 'Dear Sir:

" 'A recent investigation in connection with the injury which you sustained April 29th, and for which you received compensation benefits from the Commission brings out the fact that your injury did not occur while you were in the course of your employment.

" 'This being true, you would, of course, not be entitled to the benefits of the Workmen's Compensation Law.

" 'Upon checking up our records, we find that we have paid you for temporary total disability $385; for medical and hospital attention we have paid out

$927.69, and for permanent partial disability, including the lump sum which we allowed you, you have been paid $752.85.   This makes a total of $2,065.54, which the Commission has paid out on account of the injury which you sustained.

" 'Now, at the time you made application for compensation, you represented that your injury occurred while you were in the course of your employment, but it now appears that this information was not correct, and therefore we find it necessary to call upon you to refund us the total amount of payments made to you and for your medical and hospital attention.

" 'Please make arrangements to promptly refund us in the amount of $2,065.54.

" 'Very truly yours,
" 'STATE INDUSTRIAL ACCIDENT COMMISSION,
" 'W. J. PAGE, Claim Agent.'

"That on the 27th day of February, 1924, said Commission received a letter from said claimant acknowledging receipt of notice of its action, which letter is as follows:

" 'Brookings, Oregon, Feb. 23, 1924.
" 'State Industrial Accident Commission,
"Salem, Oregon.

" 'Dear Sir:

" 'Your letter of February 19th at hand in regard to my claim No. 153816.

" 'You state that through an investigation that I am not entitled to any compensation. * * '

"That the above order of said State Industrial Accident Commission made and entered the 16th day of February, 1924, was and is the final action of said Commission in the matter of the claim of said Alfred Jackson, plaintiff herein, and from which decision said Alfred Jackson attempts to appeal to this court.

"D.  A.  ELKINS.
"E.  E.  BRAGG.

"Subscribed and sworn to before me, this 13th day of August, 1924.

"C. C. PAGE,
"Notary Public for Oregon."

Additional correspondence between the claimant and the Commission, and between claimant's attorney and the Commission, as well, is set forth in the affidavit.

The claimant, instead of appealing from the final order of the Commission made on February 16, 1924, attempted to appeal from a statement contained in a letter written by the claim agent of the Commission bearing date April 17, 1924, which reads:

"The Commission certainly will not be in a position to make any further payments to you."

The matter contained in the letter did not constitute a second decision. Indeed, the matter contained therein did not, in any sense, constitute a decision or a final order. The decision was made by the Commission. The letter was written by the claim agent in response to a communication written by the claimant. This letter does not constitute a final order by the Commission from which an appeal is authorized: *Enneberg* v. *State Industrial Accident Commission*, 88 Or. 436 (167 Pac. 310, 171 Pac. 765); *Iwanicki* v. *State Industrial Acc. Com.*, 104 Or. 650 (205 Pac. 990, 29 A. L. R. 682); *Degidio* v. *State Industrial Acc. Com.*, 105 Or. 642 (207 Pac. 176); *Rohde* v. *State Industrial Acc. Com.*, 108 Or. 426 (217 Pac. 627).

The notice of the final order conveyed to the claimant could have been more definite. The Commission could, within the bounds of propriety, have accompanied its notice of the final order with information concerning claimant's right of appeal in

accordance with the statute.   However, the law does not require that the Commission advise claimant of his legal right in the matter of appeal.   Jackson's letter to the Commission establishes beyond peradventure that he not only received notice of the final order of the Commission, but that he fully understood that order, and that the notice was received more than sixty days prior to his attempted appeal.   The lower court should have granted the motion of the Commission to dismiss the appeal.

The judgment of the Circuit Court is reversed and the cause remanded, with directions to dismiss.

REVERSED AND REMANDED, WITH DIRECTIONS.