Argued June 29; affirmed July 18, 1933

PLOWMAN *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION

(23 P. (2d) 910)

*Miles H. McKey,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Victor R. Griggs, Assistant Attorney General, on the brief), for appellant.

*Walter T. McGuirk,* of Portland (McGuirk & Schneider, of Portland, on the brief), for respondent.

BAILEY, J. The plaintiff, Donald F. Plowman, on May 29, 1931, while subject to the workmen's compensation act, and during the course of his employment, was injured by lifting timbers in a lumber yard. On that date he consulted Dr. G. A. Ross of the Eugene Hospital and Clinic, who diagnosed his injury as right inguinal hernia.

Under date of June 9, 1931, on a blank form of application for compensation furnished by the industrial accident commission, the plaintiff reported his injury to the said commission, and stated that the accident occurred while "lifting on timbers in lumber yard", and that the extent of injury was "rupture on right side". This application was accompanied by the report of his employer, stating that he had no personal knowledge of the injury and that plaintiff had not received wages since the date thereof; and the report of Dr. Ross, mentioning his examination of plaintiff with resulting diagnosis as above stated. This application and the reports were filed with the commission on June 19, 1931.

On June 24, 1931, there were filed with the commission on blanks furnished by it and relating especially to hernia, the affidavit of the claimant and those of witnesses concerning the accident. Plaintiff's affidavit stated, among other things, the following: "That the hernia first appeared on the 29th day of May, 1931, at 10:30 o'clock a. m.; and that the appearance thereof was indicated by severe pain in right side and right leg." The affidavit of J. C. Piper was to the effect that he was present at the time of the accident; that it occurred at the time specified in plaintiff's affidavit; that "the injury occurred while lifting timbers in the lumber yard at A. N. Matlock's plant at Veneta"; and

that the claimant "informed me at the time of said injury that he was injured and was suffering from pain in side and leg, was sick at his stomach, caused by said injury".

The claim for compensation on account of hernia was allowed by the commission and an operation ordered. The plaintiff was paid compensation for temporary total disability due to said hernia, for a period of forty-two days, in accordance with the provisions of the last paragraph of subdivision (d) of § 49-1827, Oregon Code 1930, and the closing order was made by the commission dated July 13, 1931.

On December 5, 1931, the plaintiff filed an application for additional compensation, in which he asked "for further consideration and payment for the aggravated condition of his injury to his back, side and legs and sacro-iliac joints, and the injury to his nerves and the injury to his lumbar region and the condition of his kidneys and in his abdominal region generally and the conditions resulting therefrom which he is having as the result of the injury which he sustained on May 29 1931". This application was denied by the commission and thereafter the plaintiff filed a petition for rehearing which petition was likewise denied. The plaintiff then appealed to the circuit court for Lane county; and from judgment in favor of plaintiff the defendant, State Industrial Accident Commission, appeals to this court.

■ During the trial the defendant objected to the introduction of any testimony covering facts relating to the injury except in so far as it referred to the hernia itself; and at the close of plaintiff's case, the defendant moved for judgment of involuntary nonsuit on the ground "that under the pleading and record in the

case and the evidence produced by the plaintiff, the plaintiff is not entitled to any further compensation or to any further relief from the defendant, it appearing that the only injury reported to the defendant and for which compensation was paid was hernia, for which the plaintiff has been compensated to the full extent of the law'' and for the further reason ''that no disability or any aggravation of any disability is shown or any aggravation has been shown of any disability which was not known at the time of the final award made on July 13, 1931''. The rulings of the court on the above objection and motion, adverse to defendant, constitute the appellant's only assignments of error.

It is appellant's contention that the original application for compensation referred only to the injury described as ''rupture on right side'' and therefore that the plaintiff was not entitled to any additional compensation for aggravation except that which was directly connected with the hernia. Although the affidavits above mentioned were in response to, and on forms furnished by, the commission, and were required before any award could be made, nevertheless the appellant on this appeal has entirely ignored the sworn statements therein contained and relies exclusively upon the unsworn statements in the application. At the time of making its award for hernia the commission was advised of the fact by those affidavits, that plaintiff was suffering from severe pain in his right side and right leg, due to the accident. Yet no account whatever is taken of the statements therein made concerning plaintiff's condition.

In view of the foregoing facts, the commission is not in position to urge that the plaintiff is limited by his application to the amount fixed by statute for her-

nia, unless it can be said that he knew of his other injuries at the time of the final award for hernia, and is now precluded from recovering therefor because no appeal was taken from that award. The commission was fully cognizant of how the injury to the claimant occurred and the effect the injury had on him. There was no attempt on his part to conceal anything from the commission. The plaintiff informed the commission of the severe pain in his right side and leg. When he was advised that this pain was due to the hernia, he willingly submitted to the operation prescribed by the commission. The operation, however, failed to relieve him of his suffering. His pains became more severe and he was unable to work.

An employee should not be denied additional compensation because he is not wiser than an experienced physician and surgeon in diagnosing his injuries. It was never the intention of the legislature to deny relief to a workman who did not, in his application, specify in detail and in medical terminology the effect of an accident upon his physical condition.

Although in his application for additional compensation the plaintiff sets forth various injuries, nevertheless on the trial his evidence was limited to the injury to his sacro-iliac joints. There was evidence to the effect that this injury might be the result of the accident referred to in plaintiff's application for compensation and might manifest itself by pain in the side and leg. The statements furnished by plaintiff to the commission before its award, including his reports and affidavit, were therefore sufficient to sustain his claim for additional compensation.

The statute (subdivision (d), § 49-1827) limiting the compensation for hernia, when operated upon,

to "payment for temporary total disability for a period of forty-two days" does not preclude recovery for other injuries received at the time the hernia was caused. Nor should a workman who has received injuries diagnosed as hernia be precluded from recovering additional compensation, if the operation for hernia does not relieve him and he discovers later that, in addition to hernia, he has, in fact, sustained injuries for which he has not been compensated.

Such a condition seems to have been contemplated by the legislature when it provided that: "If aggravation, diminution or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case, the commission may, upon the application of the beneficiary, or upon its own motion, readjust for future application the rate of compensation in accordance with the rules in this section provided, or, in a proper case, terminate the payments": Subdivision (i), § 49-1827, Oregon Code 1930.

"An application for increased compensation on account of changed condition or increased disability is not the beginning of a new proceeding, but merely another step in the proceeding which is initiated when the workman files his original application for the adjustment of his claim. [Citing numerous authorities.] * * * The duty of the commission to award compensation in case of aggravated disability traceable to the injury upon which compensation has been allowed as the proximate cause thereof is not discretionary, and contains no elements of discretion not associated with its duty to award compensation in the first instance": *Chebot v. State Industrial Accident Commission,* 106 Or. 660 (212 P. 792).

See also: *Grunnett v. State Industrial Accident Commission,* 108 Or. 178 (215 P. 881); *Degidio v. State Industrial Accident Commission,* 105 Or. 642 (207 P. 176).

"To authorize a rearrangement of compensation, in the form of an increase of such compensation, the application therefor must show a change of circumstances that warrants such increase or rearrangement (Section 6632, subd. c., Or. L.); and that the aggravation of disability for which the increase of compensation is claimed has taken place or has been discovered after the rate of compensation was originally established: Section 6626, subd. i., Or. L. A final decision upon such an application is a prerequisite to the right of appeal to the circuit court": *Degidio v. State Industrial Accident Commission,* supra.

The plaintiff knew, at the time of the final award for hernia, that he had suffered the severe pains above mentioned, but he did not know that they were not traceable to the hernia, and did not discover until later that his sacro-iliac joints had been injured. The application for additional compensation was filed within the time provided by law. The appellant does not contend that the evidence is insufficient to support a verdict for injuries to the sacro-iliac joints, received at the same time the hernia was caused, but attempts to avoid further payment on the insufficiency of the original application, plaintiff's knowledge of the pains caused by the injury of which he now complains, at the time of the final award for hernia, and his failure to appeal from that award. What has been said disposes of these contentions adversely to appellant.

The judgment appealed from is affirmed.

ROSSMAN, BEAN, and CAMPBELL, JJ., concur.