Argued May 24; affirmed June 27, 1939

# GARNER v. STATE INDUSTRIAL ACCIDENT COMMISSION

## COMMISSION

(92 P. (2d) 193)

In Banc.

*H. E. Slattery*, of Eugene (Slattery & Slattery, of Eugene, on the brief), for appellant.

*Oliver Crowther*, Assistant Attorney General (I. H. Van Winkle, Attorney General, and C. S. Emmons and H. Lawrence Lister, Assistant Attorneys General, on the brief), for respondent.

BAILEY, J. The plaintiff, George H. Garner, on March 4, 1936, received an accidental injury arising out, and in the course, of his employment, and on March 13 filed an application with the State Industrial Accident Commission for compensation. The commission on the day the application was filed awarded him compensation for temporary total disability. On May 25, 1936, the commission found that the disability suffered by the plaintiff by reason of the accident on March 4 ended on May 4, 1936, and that he had theretofore been fully compensated for the disability which he had sustained, and closed his case.

Later, on June 16 of that year, an order was entered, on the commission's own motion, it was therein stated, reopening the case and awarding the plaintiff further compensation from June 6 of that year until the further order of the commission. On July 7 of the following year another order was entered by the commission, in which it was recited that the order of June 16, 1936, had been entered on the commission's own motion, and on the commission's own motion then further ordered, "that compensation for temporary total disability be terminated as of July 6, 1937, and that said claimant be awarded permanent partial disability of 10 per cent loss of function of a leg, in settlement of disability arising out of said claimant's injury of March 4, 1936."

The next order of the commission in this matter was entered October 16, 1937. In that order it was stated:

"It is hereby ordered on the commission's own motion that the claim of George H. Garner be and the same is hereby reinstated for payment of compensation for temporary total disability from September 7, 1937, until the further order of the commission.

"It is further ordered that payments on award for permanent partial disability heretofore made, be and

the same are hereby suspended, while said claimant is drawing compensation for temporary total disability.''

On January 14, 1938, the commission entered an order reading in part as follows:

''It is hereby ordered on the commission's own motion that compensation for temporary total disability be terminated as of January 11, 1938, and that said claimant be made an additional award for permanent partial disability equivalent to 20% loss of function of the right leg, in full settlement of all disability resulting from an injury sustained by said workman on March 4, 1936.

''It is further ordered that balance of payments on original award for permanent partial disability be and the same are hereby released.''

In this order the commission refers to its prior orders, stating that the order of July 7, 1937, and the one dated October 16, 1937, had been entered by the commission on its own motion.

Copies of all the orders hereinabove mentioned were mailed, on the respective dates when they were entered, to the plaintiff at his address as shown by the records of the State Industrial Accident Commission. There is no claim that the plaintiff did not in due course of mail receive such copies.

The plaintiff on January 22, 1938, filed with the commission a document which he designated a petition for rehearing, wherein after referring to the order of the commission dated January 14, 1938, he stated that the award was insufficient, in that he was suffering a permanent partial disability of 88 per cent, instead of the 20 per cent for which compensation was allowed.

A rehearing of his claim was asked on the following ground:

"My right leg is totally disabled, and I am suffering a permanent and complete loss of the use of my right leg; or, in other words, because of the condition of my right leg resulting from my injury described in the above entitled proceedings I am entirely unable to work."

In an order dated January 26, 1938, the commission, after referring to its previous orders and stating that the one of July 7, 1937, and subsequent orders had been entered by the commission on its own motion, denied the petition for rehearing, "for the reason and on the grounds that said petition is not based on an appealable order". Thereafter and within 30 days of the entry of the last-mentioned order, the plaintiff appealed to the circuit court by filing therein his complaint.

In that complaint the plaintiff alleges the injury suffered by him and the awarding of compensation by the commission, and further alleges that on August 20, 1937, he appeared in person before the commission in Salem "and orally moved the defendant for an award that he was suffering temporary total disability and that he receive from the defendant compensation accordingly"; that the defendant took his motion under consideration and while it was so under consideration the plaintiff was directed by the commission to, and did, appear before the commission's doctor for examination, and remained for a period of time under observation by such physician with regard to his physical condition; that the "defendant by the mutual consent of the parties hereto retained said motion under consideration, which had been made on August 20, 1937; and that on October 16, 1937, pursuant to said

motion and as a result of the consideration thereof the defendant awarded plaintiff compensation for temporary total disability from September 7, 1937, for a period of time not specified." A copy of the order of October 16, 1937, is attached to the complaint as an exhibit.

It is then alleged "that the said award falsely states that the said award was made on the defendant's own motion, when in truth and in fact the said award dated October 16, 1937, was made as a result of plaintiff's said application dated August 20, 1937, and its subsequent consideration."

The answer filed by the defendant denies that any application was made by the plaintiff and further sets forth the proceedings which were had before the commission. The various orders, entered by the commission are attached to and made a part of the answer as exhibits.

Pursuant to the provisions of § 49-1843, Oregon Code 1935 Supplement, a certified copy of the application filed with the commission by the plaintiff, together with copies of all orders, awards and decisions made by the commission in this matter, and the plaintiff's petition for rehearing were filed with the clerk of the circuit court for Lane county, wherein the case was pending.

At the trial in the circuit court the defendant moved for a judgment of involuntary nonsuit, which was granted by the court. From that judgment this appeal is prosecuted by the plaintiff.

The question here before us for determination is whether the order of the commission dated January 14, 1938, is, within the meaning of § 49-1843, *supra*, a final order of the commission from which an appeal may be

taken to the circuit court. Subdivision *d*, chapter 436, Oregon Laws 1937, reads as follows:

"The power and jurisdiction of the commission shall be continuing, and it may, upon its own motion, from time to time, modify, change or terminate its former findings, orders or awards if in its opinion such action is justified. There shall be no right of appeal from any order or award made by the commission on its own motion. An appeal may be taken from any order of the commission which diminishes or terminates a former award if such former award was not entered by the commission on its own motion."

The wording of this section is identical with that of subdivision *d* of § 49-1836, Oregon Code 1935 Supplement, which law was in effect at the time the plaintiff received his injuries. The law relating to appeals from the commission's orders has therefore not been altered or changed since the plaintiff sustained injury.

It is the contention of the defendant that the order entered by it on January 14, 1938, modified and changed in certain respects its earlier order dated October 16, 1937, and that the latter order was entered on the commission's own motion, with the result that no appeal may be prosecuted from the January 14 order, which terminated its former award for temporary total disability made October 16, 1937. The order of January 14, however, granted the plaintiff "an additional award for permanent partial disability equivalent to 20% loss of function of the right leg", whereas by the order of the commission entered last preceding its order of October 16, 1937, namely, the one dated and entered July 7, 1937, the plaintiff was awarded "permanent partial disability of 10% loss of function of a leg".

It is conceded by the plaintiff that no written application was filed by him for a rehearing of the order of July 7, 1937. He contends, however, that he did appear in person before the commission on August 20, 1937 (which was within 60 days of the entry of the commission's last previous order therein), and then objected to the award of the commission specified in the July 7 order; and that the commission's order of October 16, 1937, was in fact entered pursuant to and based upon such oral objection and not upon the commission's own motion, as recited in the order.

■ Section 49-1842, Oregon Code 1930, grants to the commission full power and authority to hear and determine all questions within its jurisdiction. It requires that whenever any order, decision or award pertaining to any claim has been made the commission shall promptly serve the claimant with a copy thereof by mail addressed to the claimant's last known address as shown by the records of the commission. It further provides that "any claimant aggrieved by any such order, decision or award must, before he appeals to the courts, file with the commission an application for rehearing, which application must be filed within sixty days from the day on which such copy of such order, decision or award was mailed claimant."

■■ This same section requires that the application for rehearing "shall set forth in full detail the grounds upon which the claimant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the commission, and it must contain a general statement of the facts upon which the claimant relies in support thereof. The claimant shall be deemed to have waived all objections, irregularities and illegalities concerning the matter upon

which such rehearing is sought other than those specifically set forth in such application for rehearing." By this section the commission is granted authority to deny the application and confirm its previous decision or award, if in its opinion it has previously fully considered all the matters raised by such application; or, if the evidence on file with the commission sustains the applicant's contention, it may allow the relief asked in such application or may order a rehearing to decide the issues raised. If a rehearing is granted, the commission is required to "consider all facts, including those arising since making the order, decision or award involved," and it "shall enter such order as the facts and law shall warrant."

The order of the commission dated October 16, 1937, was made and entered some 40 days after the expiration of the 60 days within which the plaintiff had a right to file a written application for a rehearing of the order of July 7 of that year, prior to appealing to the circuit court, had he so desired.

The law contemplates that the proceedings before the commission shall be in writing. This is evidenced by the requirement that applications for (1) compensation (§ 49-1836, *supra*), (2) increased compensation because of aggravation of injury (chapter 436, *supra*), and (3) rehearing (§ 49-1842, *supra*), shall be filed within certain, limited time and shall set forth certain facts or issues. The commission is required to serve upon the claimant copies of all orders, decisions or awards pertaining to his claim: § 49-1842, *supra*. When the claimant appeals to the circuit court from a decision or award of the commission, the commission's record of his case must be filed in that court and must leave nothing to conjecture, relating either to the claim or

the commission's action regarding it. Therefore, when an order intended to be final has been made by the commission, a workman who has not within 60 days thereafter filed a written petition for rehearing cannot question a recital in an order thereafter made to the effect that such subsequent order was made by the commission on its own motion. The assertion by the plaintiff in the instant case that the order of October 16 was based upon his objection orally made August 20, to the order of July 7, rather than as recited in the October 16 order, is unavailing.

■ Subdivision *d* of chapter 436, *supra*, grants the right of appeal from any order of the commission which terminates or diminishes its former award, if such former award was not made by the commission on its own motion. Inasmuch as the order of the commission entered January 14, 1938, only diminished the additional award which the commission had theretofore made on its own motion by its order of October 16, 1937, such order of January 14 was not appealable, and the circuit court did not err in entering judgment of involuntary nonsuit against the plaintiff. The judgment appealed from is affirmed.

BELT and LUSK, JJ., not sitting.