Argued September 18; affirmed October 22, 1940

# JACOBY *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(106 P. (2d) 294)

*Victor R. Griggs*, of Portland (Gunther F. Krause, of Portland, on the brief), for appellant.

*Oliver Crowther* and *C. L. Marsters*, Assistant Attorneys General (I. H. Van Winkle, Attorney General, and C. S. Emmons and H. Lawrence Lister, Assistant Attorneys General, on the brief), for respondent.

BELT, J. Plaintiff appealed to the circuit court from an order of the State Industrial Accident Commission awarding compensation to her for permanent partial disability resulting from an accident which arose out of and in the course of her employment. It was plaintiff's contention that she was entitled to an award of compensation on the basis of permanent total disability. A demurrer to the second amended complaint was sustained and, upon refusal of plaintiff to plead further, the action was dismissed. From such order of dismissal, plaintiff appeals to this court.

Eliminating the conclusions of the pleader, the complaint discloses the following record upon which this appeal is based:

On August 12, 1936, while employed by the Model Laundry at The Dalles, Oregon, plaintiff sustained an injury to her back. In due time, plaintiff filed with the Commission her claim for compensation. The Com-

mission, on October 1, 1936, entered an order closing the claim, it being found that the "claimant has not suffered any disability on account of *his* accidental injury and, therefore, is not entitled to any compensation on account of said injury, except payment for medical services." There was no appeal from this final order. On July 28, 1937, the plaintiff, through her then attorneys, wrote to the Commission the following letter—referred to in the complaint as Exhibit A:

"July 28, 1937.

"State Industrial Accident Commission,

"Salem, Oregon.

"Attention Mr. R. E. Jackson.

"Dear Mr. Jackson:

"On August 12, 1936, Ethel Jacoby slipped and fell while employed at the Model Laundry at The Dalles, Oregon. Although she was able to keep on working for some time after the accident, she is now bedfast and is in a serious condition, which condition, according to Dr. Leo S. Lucas, is traceable to this accident. She is also being treated by a doctor at The Dalles, Oregon.

"We do not know whether a claim has been filed or not, but we are advised by a sister of the injured party that the doctors have been paid by the Commission.

"Will you kindly check your records and see whether Mrs. Ethel Jacoby has filed a claim, and, if not, will you kindly send us the proper forms so that we can file the claim immediately?

"Very truly yours,

"Levenson & Solomon."

It is the contention of the plaintiff that the above letter constitutes an application for additional compensation on account of aggravation of disability and that it was so considered and acted upon by the Commission. The Commission denies this assertion.

On August 27, 1937, the Commission made the following finding and order:

"That claimant, Ethel I. Jacoby, sustained accidental injury on August 12, 1936, while employed by the Model Laundry, claim being suspended as no time was lost;

"That later claimant was disabled due to a condition resulting from the accident sustained August 12, 1936, evidence having been submitted showing claimant was compelled to stop work April 13, 1937;

"IT IS THEREFORE HEREBY ORDERED on the Commission's own motion that claim be reopened for payment of temporary total disability from April 13, 1937, until further order of the Commission."

Plaintiff alleges that the above order was made pursuant to her application for additional compensation and not on the "Commission's own motion" as the order recites. Obviously, the order refutes the conclusions of the pleader.

On April 15, 1939, the Commission made the following order:

"THAT the claim of Ethel I. Jacoby for injury suffered August 12, 1936, was closed by order of October 1, 1936, but later reopened on the Commission's own motion by order of August 27, 1937, for further payments of compensation for temporary total disability from April 13, 1937, until the further order of the Commission. It now appearing that claimant's condition is stationary,

"IT IS HEREBY ORDERED On the Commission's own motion that compensation for temporary total disability be discontinued as of April 14, 1939, and that claimant be granted a permanent partial disability award equal to 60% lost function of a leg, said award to be in full and final settlement of claim."

On April 29, 1939, plaintiff filed with the Commission what purports to be an amended application for

additional compensation. The Commission returned such application to plaintiff's attorneys, accompanied by a letter dated May 4, 1939, advising that "everything that has been done for Ethel I. Jacoby by the State Industrial Accident Commission has been done by the Commission on its own motion", and refused to award additional compensation. On May 31, 1939, plaintiff filed with the Commission her petition for rehearing on the order of April 15, 1939, fixing compensation on the basis of permanent partial disability. No action was taken by the Commission on the petition for rehearing and, after the expiration of 30 days from date thereof, the plaintiff appealed to the circuit court.

■■ The demurrer raises the issue of law as to whether the letter to the Commission, dated July 28, 1937, constituted an application for additional compensation on account of aggravation of disability. If it was such an application and was filed within the statutory period (§ 49-1836, Oregon Code Supplement 1935), viz., "within one (1) year from the date of the first final award of compensation to the claimant", we agree with appellant that the Commission could not prejudice her rights thereunder by an order reciting that it acted on its own motion. If, however, there was no such application as that required by the Workmen's Compensation Act, it necessarily follows that the Commission acted on its own motion and no appeal lies from the order thus made (§ 49-1836, Oregon Code Supplement 1935).

■■ Relative to such application, § 49-1836 (subsection (c)), Oregon Code Supplement 1935, provides:

"If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman may file with the

commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof.''

In view of the statutory requirement that the application must ''set forth sufficient facts to show an aggravation in such disability and the degree thereof'', it is clear that the letter upon which plaintiff relies does not suffice: See *Degidio v. State Industrial Accident Commission*, 105 Or. 642, 207 P. 176; *Grunnett v. State Industrial Accident Commission*, 108 Or. 178, 215 P. 881. We are convinced that the letter, under the most liberal construction, was never intended as an application for additional compensation. Plaintiff's then counsel merely desired to know the state of the record in order to determine whether a claim should be filed. It is quite reasonable to assume that her then attorneys knew how to prepare a simple application for additional compensation had they desired to do so on behalf of their client. The so-called amended application filed a year and nine months later by present counsel cannot revive something which never existed. We concur in the view of the trial judge that no application for additional compensation, as required by statute, was before the Commission for consideration. In the light of the record—which is referred to in the complaint—the argument that the Commission treated the letter as such application is wholly untenable. The letter no doubt suggested to the Commission that claimant might have had a change of condition, and it very properly undertook, in the exercise of its continuing jurisdiction, to ascertain the truth about the matter. When convinced, after investigation, that plaintiff had sustained disability, it granted relief in keeping with

the spirit and purpose of the Workmen's Compensation Act. There is nothing in the record to indicate that, as urged by counsel, the Commission was resorting to sheer technicalities to deprive plaintiff of relief to which she was entitled.

It is idle to consider the question as to whether an application for additional compensation was filed in time when it appears that none has been filed. We regret having called for briefs on such question.

The judgment of dismissal is affirmed.

BEAN and ROSSMAN, JJ., not sitting.