Argued February 5; reversed March 3, 1942

# SIMMONS *v.* OREGON STATE INDUSTRIAL ACCIDENT COMMISSION

(122 P. (2d) 793)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*C. S. Emmons,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and C. L. Marsters and Walter H. Evans, Jr., Assistant Attorneys General, on the brief), for appellant.

*Geo. P. Winslow,* of Tillamook, for respondent.

BRAND, J.

■ The only question for decision is whether or not the plaintiff should have filed a petition for rehearing after the order of February 15, 1941, and prior to the second appeal to the circuit court. The question is answered by the plain terms of the statute:

"Any claimant aggrieved by any such order, decision or award must, before he appeals to the courts, file with the commission an application for rehearing, which application must be filed within sixty days from the day on which such copy of such order, decision or award was mailed claimant." 7 O. C. L. A. 102-1773.

This provision is mandatory.

■ The plaintiff contends that the petition for rehearing which was filed on November 24, 1939, authorizes an appeal from the commission's order of February 15, 1941. The statute contemplates that the application for rehearing should be filed after the order with which

the claimant is "aggrieved" and that it should be referable thereto and within sixty days of the mailing thereof. The only petition for rehearing in this case was filed more than a year before that order.

Referring to the application for rehearing the statute provides:

"Such application shall set forth in full detail the grounds upon which the claimant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the commission, and it must contain a general statement of the facts upon which the claimant relies in support thereof. The claimant shall be deemed to have waived all objections, irregularities and illegalities concerning the matter upon which such rehearing is sought other than those specifically set forth in such application for rehearing." 7 O. C. L. A., 102-1773.

Prescience is not required of industrial workers, nor can they set forth the errors in an order as yet unmade, upon facts which have not yet transpired. Obviously, it was the intent of the legislature that when a claimant purposes to appeal to the courts from an order of the commission, he must file a petition for rehearing at a time subsequent to the date of the order with which he is aggrieved and must set forth the grounds for his claim that such order (not a previous one) was unjust or unlawful.

Again the statute provides:

"Within 30 days after a copy of the final order of the commission upon such application for rehearing has been mailed, the claimant, as herein provided, or within 30 days after rehearing is deemed denied under section 102-1773, may appeal to the circuit court * * *." 7 O. C. L. A. 102-1774.

Thus, the only right of appeal accorded by statute is conditioned upon the filing of a complaint within thirty days after the mailing of a copy of the final

order of the commission upon "such application for rehearing." In the absence of such an application no final order could be made upon it, and the thirty-day period within which an appeal must be taken would never begin to run.

Finally, it is provided that:

"Upon such appeal the plaintiff may raise only such issues of law or facts as were properly included in his application for rehearing." 7 O. C. L. A. 102-1774.

But the commission on December 4, 1939, made a final order on the issues of law and fact which were included in the application for rehearing of November 24, 1939. Upon appeal those issues were determined by the final judgment of the circuit court. The petition for rehearing as a step leading up to the first appeal had fully accomplished its purpose. Its force was exhausted by the final judgment of the circuit court. When the case was remanded the petition for rehearing was no longer before the commission. Such a defunct petition is not the kind of application for rehearing to which the statute refers in the last above quoted provision. It must be remembered that after the trial in the circuit court and until January 9, 1941, the plaintiff was receiving benefits during the so-called healing period, based on a judicial finding of total disability but one adjudged to be temporary. On February 15, 1941, the commission found in effect that the temporary condition of the healing period had ended, and the award of permanent partial disability was based on plaintiff's condition as of January 9, 1941. When it again made an order with which the plaintiff was aggrieved, he should have filed a petition for rehearing, in default of which the right of appeal was lost.

What we have said is not inconsistent with the ruling of this court in the case of *Hilger v. State Indus-*

*trial Acc. Com.*, 158 Or. 591, 76 Pac. (2d) 972 (1938). In that case, on December 28, 1934, the commission made a final order terminating the period of temporary total disability and fixing the amount of permanent partial disability. On January 29, 1935, the plaintiff filed an application for rehearing in which he asked to be reinstated on temporary total disability for ten months and also that his permanent partial disability be fixed in an amount greater than was specified in the order with which he was aggrieved. Acting upon this application and on March 22, 1935, the commission made an order reopening plaintiff's claim, which this court stated "was in effect ordering a rehearing to decide the issues raised by the application." The claimant was reinstated upon temporary total disability. The commission did not determine in advance the date at which the temporary total disability would end, the reason no doubt being that it was impossible to predict when the healing period would end and the claimant's condition became stationary, nor did the commission on March 22, 1935, determine the extent of plaintiff's permanent partial disability, the reason being that the permanent disability could not be fixed until the termination of the temporary total disability or healing period. *Helton v. State Industrial Acc. Com.*, 142 Or. 49, 18 Pac. (2d) 831 (1933).

The statute provides:

"If a hearing is granted the commission shall consider all facts including those arising since the making of the order, decision or award involved and enter such order as the facts and law shall warrant." 7 O. C. L. A. 102-1733.

Thus, the commission had a continuing jurisdiction over the claim of Hilger, and on April 18, 1935, it made its final order closing plaintiff's claim and awarding additional compensation for permanent partial dis-

ability. The order of March 22, 1935, which merely established the plaintiff's temporary status for the duration of the healing period, could not in the nature of the case be a final order. It follows that the order of April 18, 1935, was the first and only final order following plaintiff's application for rehearing, and, as the court held, the appeal was properly taken from that order. That case bears no resemblance to the case at bar.

Nor are we dealing with the situation presented in *Gerber v. State Industrial Acc. Com.*, 164 Or. 353, 101 Pac. (2d) 416 (1940). After the commission had closed the case a petition for rehearing was filed by Gerber on April 16, 1937. On April 23, 1937, the commission entered an order reopening Gerber's claim and allowing him compensation for temporary total disability until further order. On December 4, 1937, the commission made a final order closing the claim as of July 30, 1937, terminating the temporary total disability and allowing the claimant compensation for permanent partial disability. This was the first final order on the petition for rehearing, but Gerber did not appeal therefrom. Instead, he filed a second petition for rehearing which the commission granted. Some months later the commission confirmed the order of December 4, 1937, and the plaintiff, Gerber, appealed. In the Gerber case the commission granted a rehearing on the filing of a second petition therefor. It had a right, as if upon its own motion, to do so, and if the showing had been deemed sufficient, it could have granted further relief. The procedural error of the plaintiff in the Gerber case was not in filing a second petition for rehearing after the commission had made a final order on his first petition; it was in assuming that the second petition extended the time for appeal. The error was the failing

to appeal within 30 days after the final order made by the commission on the first petition for rehearing.

In the case at bar, we are not concerned with the right of the commission to reopen at the instance of a second or subsequent petition for rehearing. Our concern relates to the requisite steps for presenting an appeal to the courts. The steps prescribed by statute as conditions precedent to the taking of an appeal were as essential for the taking of the second appeal as they were for the taking of the first.

■ Plaintiff overlooks the reason behind the rule which requires a petition for rehearing before prosecuting an appeal to the courts. In the administration of the compensation act great numbers of orders are made by the commission, many of them of a routine nature and some, no doubt, on the recommendation of subordinates. It is a sound policy of administrative law that a claimant should exhaust his remedy before the commission prior to any appeal to the courts. That general policy is the reason behind the statutory requirements concerning petitions for rehearing. In the interests of efficiency, economy and justice the commission should be given the required final opportunity to review its ruling before any resort to the courts.

■ The attorney general urges that the court "should enunciate this plain, simple and definite rule: "when any judgment has been entered in a proceeding to secure compensation and further appeals to the court are desired from subsequently entered orders by the State Industrial Accident Commission, the appealing party should start again from the beginning on the required statutory steps to perfect an appeal."

The court so rules.

The judgment of the circuit court is reversed for want of jurisdiction.