Argued February 27, affirmed May 1, petition for rehearing denied
May 29, second petition for rehearing denied
September 6, 1957

# DODD *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

310 P. 2d 324
311 P. 2d 458
315 P. 2d 138

C. S. *Emmons* argued the cause for appellant. On the brief were Hugh B. Collins, Medford, and Willis, Kyle & Emmons, Albany.

*Earl M. Preston,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

LUSK, J.

This case involves an attempted appeal to the circuit court from a decision of the defendant, State Industrial Accident Commission. The court, at the con-

clusion of the testimony, allowed a motion to dismiss, interposed by the defendant, based on the ground that the circuit court was without jurisdiction of the appeal, and the plaintiff has appealed.

We preface our statement of the facts by a brief reference to the Occupational Disease Law, ORS 656.802–656.990, both inclusive, which was passed in 1943. General Laws of Oregon 1943, ch 442. Generally, this law provides that an occupational disease, as defined, "is considered an injury for employes of employers who have come under" the provisions of the Workmen's Compensation Law. ORS 656.804. An "occupational disease" means:

"(1) Any disease or infection which is peculiar to the industrial process, trade or occupation in each instance and which arises out of and in the scope of the employment, and to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein.

"(2) Silicosis. 'Silicosis' means a disease of the lungs caused by breathing silica dust (silicon dioxide) producing fibrous nodules, distributed through the lungs and demonstrated by X-ray examination or by autopsy." ORS 656.802.

The procedural provisions differ widely from those of the Workmen's Compensation Law. Under the latter a dissatisfied claimant may appeal from a final order of the commission to the circuit court, where he is entitled to a trial by jury de novo. ORS 656.284–656.288, both inclusive. But under the Occupational Disease Law the only appeal is to a medical board, whose findings are provided to be final and binding. ORS 656.808–656.814, both inclusive.

■ Both in their brief and on the argument counsel

for plaintiff devoted much of their time to a contention that the effect of these provisions thus limiting the right of review of the commission's rulings is to render the Occupational Disease Law unconstitutional. We are of the opinion, however, that the case can be disposed of without deciding the constitutional question, and we shall, therefore, in obedience to firmly established rules, refrain from doing so.

The record, insofar as it bears upon the jurisdictional question, discloses the following facts: On August 15, 1951, the commission received an accident claim signed by the plaintiff, based upon an alleged accident on August 7, 1951, sustained by the plaintiff while doing his regular work for his employer, Morrison-Knudsen Co., Inc. The following statement of how the accident happened and its cause was given: "Throat was irritated by smoke from hot tar." On September 19, 1951, the commission wrote the plaintiff as follows:

"The application you filed with this office meets the requirements of the Occupational Disease Law and your claim has been accepted on that basis.

"We are enclosing a form 'Workman's Claim for Compensation Occupational Disease Only' and would appreciate it if you would complete Part 1, returning the form to the Commission in the self-addressed envelope enclosed.

"The rate of compensation payment for an occupational disease or infection is the same as for an accident."

A form for a claim under the Occupational Disease Law was sent to the plaintiff, who filled it out and signed it and filed it with the commission on September 25, 1951. The claim stated that the plaintiff's symptoms, which first appeared on August 1, 1951, were

"irritated throat with hoarseness and cough," and described the disease from which he was suffering, and stated the way he believed it came from his employment as follows: "Infected throat caused from fumes off the paint and working in so much dust and heat." On October 17, 1951, however, the commission received from the plaintiff another accident claim, which gave the date of the accident as September 28, 1951, and, in answer to the question "Describe how accident happened and give cause," said "Strong fumes from hot tar irritated bronchial tubes." On December 14, 1951, the commission again wrote the plaintiff, informing him in the identical language of its letter of September 19, 1951, that his application met the requirements of the Occupational Disease Law and the claim had been accepted on that basis. Again, the commission sent to the plaintiff a form of claim under the Occupational Disease Law, which again the plaintiff executed. Therein he said that his symptoms were "Infected bronchial tubes—constant cough—soreness in chest—tiredness," and described the disease and stated in what way he believed that it came from his employment as follows: "Bronchial trouble, caused from fumes off the hot tar we used." This renewed claim for compensation for occupational disease was received by the commission on December 17, 1951, and on December 19 the commission made an order in writing which it mailed to the plaintiff on the same day and which reads: "The commission finds that the claimant having suffered temporary total disability from 10-1 herewith closes claim with payment to 11-12-51."

On December 19, 1952, the commission, by order in writing on its own motion, reopened the plaintiff's claim for occupational disease contracted on or about September 28, 1951, "for a payment of compensation

for temporary total disability from date closed to July 7, 1952, less time worked during that interim, and claim left open until further order of the Commission." A copy of this order was mailed to the plaintiff under date of December 23, 1952. On March 23, 1953, the commission entered an order in writing which, after reciting the terms of the order of December 19, 1952, further recited that "said claimant's condition is stationary" and ordered on its own motion "that compensation for temporary total disability be terminated as of July 7, 1952, and that payment to that date shall constitute full and final settlement of the claim." A copy of this order was mailed to the plaintiff on March 26, 1953. On April 15, 1953, the commission wrote the plaintiff as follows:

"The Commission has received a letter from Dr. O. A. Welsh of Medford, Oregon regarding the closure of your claim.

"If you desire to go before a Medical Board of Review for further consideration of your case, it is necessary that you file a written protest of the Commission's order of closure dated March 23, 1953. Such protest must be filed in the Salem office of the Commission within 30 days from the mailing date of the order of closure (the mailing date having been March 26, 1953) in order to proceed before a Medical Board of Review."

Instead of acting upon this suggestion, the plaintiff filed with the commission under date of April 21, 1953, a claim for aggravation of accidental injury, which, it was asserted, resulted from accidentally inhaling the fumes from a coal tar enamel, which was heated into a liquid at a very high degree of temperature and was used by him in ditches to coat pipes, joints between pipes, and valves in order to make them waterproof. The claim further alleged that the claimant believed

that he probably had developed some kind of malignancy in the throat from the contact with these poisonous fumes; that he had filed a claim for compensation with the commission, which was treated by the commission as an occupational disease claim, but that in truth the claimant had suffered an injury by accident within the meaning of the Workmen's Compensation Law; that he was then temporarily and totally disabled, and that when his condition should finally become stationary he would be permanently and totally disabled, or, in any event, would suffer a permanent partial disability equal to 100 per cent loss of the use of an arm. Under date of May 12, 1953, the commission entered an order denying the claim for aggravation, and mailed a copy thereof to the attorneys for the plaintiff under date of May 14, 1953. On May 23, 1953, the plaintiff filed a petition for rehearing on the same grounds as were alleged in the petition for aggravation, which petition was denied by order of the commission on June 1, 1953. The plaintiff then attempted to appeal to the circuit court.

The record clearly reveals that the commission twice advised the plaintiff that it would treat his claims for compensation for accidental injuries as claims for compensation for an occupational disease, and that the plaintiff twice, acting upon the commission's suggestion, filed new claims under the Occupational Disease Law instead of for an accidental injury. Obviously, the commission was of the opinion that the facts stated in the claims did not disclose an accidental injury within the meaning of the Workmen's Compensation Law. Whether it was right or wrong in that opinion is a matter of no consequence now. The important consideration is that the commission at no time made an award of compensation to the plaintiff under the Work-

men's Compensation Law for an accidental injury, but did make an award which the plaintiff accepted for occupational disease. The claim for aggravation recognizes this fact. The order of December 19, 1951, was a decision of the claim for compensation under the Occupational Disease Law submitted by the plaintiff and received by the commission on December 17, 1951. On its face it states "Claim No. OD 6043." This is the number assigned by the commission to the occupational disease claim to which we have just referred. The letters "OD" obviously stand for occupational disease. The letter of December 14, 1951, in response to which this claim for occupational disease compensation was submitted, bore the same initials and number. If the plaintiff's conduct did not amount to an abandonment by him of his claim for compensation for an accidental injury, the order of December 19, taken in connection with what had gone before, effectively rejected that claim. It is idle to argue in the face of this record that the plaintiff was or could have been misled by the commission's action.

██ If the order of December 19, 1951, be treated as not only an award of compensation under the Occupational Disease Law but also as a rejection of the claim under the Workmen's Compensation Law, plaintiff had the right, after filing a petition for rehearing and the denial thereof (ORS 656.284 (1) ; *Simmons v. State Ind. Acc. Com.,* 168 Or 256, 122 P2d 793), to appeal from such order to the circuit court. But he failed to do so. What he has here attempted is to revive the question of the validity of his claim for accidental injury through the instrumentality of a claim for aggravation. The Workmen's Compensation Law (but not the Occupational Disease Law) authorizes such a claim to be filed "within two years from the date of the first

final award of compensation to the claimant, or if there has been no such award, within two years of the order allowing the claim." ORS 656.276. But the conditions specified in the statute, upon the existence of which the right to file such a claim is dependent, are completely wanting in this case. There has been no award of any description under the Workmen's Compensation Law nor has the claim under that law been allowed, and it is not permissible to try out now under a claim for aggravation the question whether the plaintiff suffered an accidental injury for which he was entitled to compensation under the Workmen's Compensation Law. *Grunnett v. State Ind. Acc. Com.,* 108 Or 178, 185, 215 P 881; *Iwanicki v. State Industrial Acc. Com.,* 104 Or 650, 658, 205 P 990, 29 ALR 682. It is not contended, and, of course, it could not be successfully, that plaintiff had a right of appeal from orders made by the commission on its own motion. ORS 656.278 (2); *Jacoby v. State Ind. Acc. Com.,* 165 Or 230, 234, 106 P2d 294; *Simmons v. State Ind. Acc. Com.,* supra; *Garner v. State Ind. Acc. Com.,* 162 Or 256, 92 P2d 193.

■■ Since the time permitted by the Workmen's Compensation Law for taking an appeal to the circuit court had long since expired when the plaintiff attempted to avail himself of that remedy, it follows that the learned trial judge was right in allowing the motion to dismiss the appeal. No authority need be cited for the proposition that where rights and the procedure for securing them are prescribed by statute, as in the Workmen's Compensation Law, a litigant's failure to bring himself within the statute is fatal to his claim, and in such a case the courts are powerless to aid him.

The judgment is affirmed.

**ON REHEARING**

On Appellant's Petition for Rehearing

Hugh B. Collins, Medford, and Willis, Kyle & Emmons, Albany, for the motion.

LUSK, J.

In a petition for rehearing the plaintiff contends that we erroneously held that the aggravation provisions of the Workmen's Compensation Law are not applicable to claims under the Occupational Disease

Law. The contention is based on ORS 656.804 (1), which reads:

"An occupational disease, as defined in ORS 656.802, is considered an injury for employes of employers who have come under the [sic] ORS 656.002 to 656.590 [the Workmen's Compensation Law], except as otherwise provided in ORS 656.802 to 656.824 [the Occupational Disease Law]."

It is argued that the effect of this section is to incorporate into the Occupational Disease Law all the rights given a workman by the Workmen's Compensation Law unless "otherwise provided" in the Occupational Disease Law, and that the latter statute contains no provisions inconsistent with the application to it of the aggravation provisions of the Workmen's Compensation Law.

We acknowledge the force of the argument, and are persuaded by it that we should withdraw all language in our former opinion which indicates a contrary view. We leave the question undecided, however, as, in any aspect of the case, our holding that the circuit court was without jurisdiction of the attempted appeal from the decisions of the Workmen's Compensation Commission must be adhered to.

If we assume that the plaintiff had the right to file a claim for aggravation of an occupational disease, and if (as counsel for plaintiff would have us do) we should treat the claim for aggravation filed by the plaintiff as one for aggravation of an occupational disease, rather than of an accidental injury, as he protested that it was, still the plaintiff's effort to invoke the appeal provisions of the Workmen's Compensation Law avails him nothing. For, if the plaintiff had a right to file a claim for aggravation of an occupational disease, his only appeal from an order of the commis-

sion denying such a claim was to a medical board of review (ORS 656.810 to 656.814, both inclusive) and he took no such appeal. If these provisions for appeal to a medical board of review are unconstitutional, as the plaintiff contends, then the entire statute would fall, for, if it were held that they are severable from the rest of the statute, the result, under the argument of the plaintiff based on ORS 656.804 (1), would be that the appeal provisions of the Workmen's Compensation Law would then be incorporated in the Occupational Disease Law. The question of severability of constitutional and unconstitutional provisions of a statute is primarily one of legislative intent. *Fullerton v. Lamm*, 177 Or 655, 697, 163 P2d 941, 165 P2d 63. Nothing could be clearer than that the legislature did not intend that a dissatisfied claimant under the Occupational Disease Law should have a right of appeal from an order of the commission to the circuit court, with a jury trial de novo.

The petition for rehearing is denied.

**ON SECOND REHEARING**

ON APPELLANT'S SECOND PETITION FOR REHEARING

Hugh B. Collins, Medford, and Willis, Kyle & Emmons, Albany, for the motion.

LUSK, J.

Although no rule of this court provides for a second petition for rehearing, we permitted the filing

of this petition because it pointed out an oversight on our part in our opinion denying the first petition for a rehearing. We there said that the sections of the Occupational Disease Law granting to a dissatisfied claimant an appeal to a medical board, whose findings are made final and binding, are not severable from the remainder of the statute, so that, if these sections were to be held unconstitutional, the entire enactment would fall. Counsel for the plaintiff now call our attention to § 13 of Oregon Laws 1943, ch 442, the Occupational Disease Law as it was originally enacted. Section 13 reads:

"If any section, sentence, clause or word of this act shall be held to be unconstitutional, the validity [invalidity] of such section, sentence, clause or word shall not affect the validity of any other portion of this act, it being the intent of this legislative assembly to enact the remainder of this act, notwithstanding such part so declared unconstitutional should or may be so declared."

■ The foregoing provision was in effect at the time plaintiff filed his claim with the commission in 1951, and at the time that he took his attempted appeal by filing a complaint in the circuit court on June 16, 1953. But it was not in effect at the time this case was heard and decided in the circuit court in January 1956. It ceased to be a part of the Occupational Disease Law when Oregon Revised Statutes became effective on August 3, 1955, for it was omitted from the revision. See ORS 656.802–656.990. There is, however, a general severability statute which, since the effective date of ORS, has been applicable to the Occupational Disease Law. This is ORS 174.040 (Oregon Laws 1951, ch 314, § 4), which reads:

"It shall be considered that it is the legislative intent, in the enactment of any statute, that if any

part of the statute is held unconstitutional, the remaining parts shall remain in force unless:

"(1) The statute provides otherwise;

"(2) The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or

"(3) The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent."

In *Gilbertson v. Culinary Alliance,* 204 Or 326, 353, 282 P2d 632, we said of this section, "Substantially, these are the same rules applied by the courts in the absence of statute." To this statement was cited *Fullerton v. Lamm,* 177 Or 655, 697, 163 P2d 941, 165 P2d 63, which was also cited in our opinion denying the first petition for rehearing.

■ Further consideration of the question of severability in the light of this change in the statute leads us to the conclusion that no opinion upon this subject should be expressed at this time. Section 13 and ORS 174.040 appear not to mean precisely the same thing, and a question would be presented as to which of the two statutes governs this case, because the claim arose when the former was in effect, but was still undetermined at the time that the latter became applicable to the Occupational Disease Law. We therefore withdraw the statement that the review provisions of the law are not severable.

■ We remain of the opinion, however, that the case was properly decided and that, notwithstanding counsel's insistence to the contrary, we should not now pass upon the constitutionality of the review provisions of the Occupational Disease Law. Constitutional questions will not ordinarily be determined by this court

unless their determination is essential to the disposition of the case. *State ex rel Bushman v. Vandenberg,* 203 Or 326, 329, 276 P2d 432, 280 P2d 344.

This case was not commenced in the circuit court as a proceeding under the Occupational Disease Law, but as an attempted appeal from a decision of the State Industrial Accident Commission denying plaintiff's claim for compensation for "an injury by accident within the meaning of the Workmen's Compensation Law" (plaintiff's complaint, paragraph V). The commission twice refused to allow plaintiff's claim for compensation for an alleged accidental injury, and instead awarded him compensation for an occupational disease, and he accepted the award. He let the time go by in which to appeal from the commission's refusal to allow his claim for accidental injury. More than a year after the final award for compensation for occupational disease the plaintiff attempted to revive his claim for accidental injury by filing a claim for aggravation of such alleged injury. As the authorities cited in our original opinion hold, no such remedy was available to the plaintiff because the commission had never made an award or allowed his claim for accidental injury. Hence, when the commission rejected a claim for aggravation and he filed his petition for a rehearing under the statute, and that petition was denied, his effort to appeal to the circuit court was futile. His petition for aggravation was such in name only and could not be the basis of any further procedural rights. As we said in *Iwanicki v. State Industrial Acc. Com.,* 104 Or 650, 658, 205 P 990, 29 ALR 682:

> "* * * In order, therefore, for the claimant to obtain an increase or rearrangement of compensation he must make an application and show some

change of circumstances which would warrant the desired increase.

"It is not contemplated by the statute that a new trial shall be granted and the case reopened before the commission on the old application."

That precisely is what the plaintiff sought by his petition for aggravation. To have prevailed in that course he must have persuaded the commission that it was wrong in disallowing his claim for accidental injury. The statute gives the commission no such jurisdiction when acting upon a petition for aggravation. "Jurisdiction necessarily implies the right to decide finally a question properly presented, subject, of course, to the right of appeal. But when this right of appeal is lost by a lapse of time, the very essence of the term 'jurisdiction' means that the decision by virtue of it has become fixed and not appealable." *Iwanicki v. State Industrial Acc. Com.* at 659.

█ The short of the matter is that this is a proceeding under the Workmen's Compensation Law and not under the Occupational Disease Law, and the question of the constitutionality of the latter, in whole or in part, is beside the point. The basis for a petition for aggravation of an accidental injury was completely lacking, and we adhere to our holding that the circuit court was without jurisdiction of the attempted appeal and was right in dismissing it.

The second petition for rehearing is denied.