Argued April 1, affirmed September 18, petition for rehearing
denied October 16, 1963

# PAVLICEK *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

385 P. 2d 159

*Richard F. May,* Woodburn, argued the cause for appellant. On the briefs were Eichsteadt, Gutzler & May, Woodburn.

*Thomas C. Enright,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

GOODWIN, J.

The workman appeals from an order dismissing his suit for a declaratory judgment. The proceeding sought, among other things, to have certain provisions (ORS 656.810, 656.812, 656.814) of the Oregon Occupational Disease Law declared unconstitutional.

In September of 1960, the workman discovered a skin condition which required medical treatment. In January, 1961, the condition recurred in a form severe enough to cause the workman to lose work. While being treated, the workman applied to the State Industrial Accident Commission for compensation under the Occupational Disease Law. On May 16, 1961, the Commission notified the workman that his claim was disallowed. The Commission also advised him that he could "reject" the order and submit his claim to the Board of Medical Review, as provided in ORS 656.808. The workman rejected the order and a board of medical review was subsequently selected. The workman was examined by the board. The board concurred in the decision of the Commission and the case was closed. This suit was filed in an attempt to force the Commission into court for a jury trial on the issue of its liability.

Since the Administrative Procedure Act (ORS ch 183) specifically exempts from its operation cases before the State Industrial Accident Commission, and since the Workmen's Compensation Law provides no judicial review for occupational-disease claims, the workman contends that the absence of a specific pro-

cedure for judicial review renders the finality clause of the statutory scheme unconstitutional.

The workman has advanced most of the same arguments that were rejected in *White v. State Ind. Acc. Com.*, 227 Or 306, 362 P2d 302 (1961). He also contends that the 1959 amendments to the Occupational Disease Law require a re-examination of the *White* case. For reasons which will appear, it is not necessary to re-examine the *White* case at this time.

The trial court held that the challenged sections of the Occupational Disease Law did not offend either the state or the federal constitution. The trial court could have disposed of the case without reaching the constitutional questions, and this court prefers to follow that course. *Dodd v. Ind. Acc. Com.*, 211 Or 99, 310 P2d 324, 311 P2d 458, 315 P2d 138 (1957).

This suit for declaratory relief proceeds upon three assumptions. The first is that the challenged sections of the statutory scheme are unconstitutional. The second is that these sections are severable from the remainder of the statute (which provides the remedy). The third assumption is that when the unconstitutional matter is removed from the statute the judicial review procedures found in the Workmen's Compensation Law automatically would flow into the breach and fill in the procedural steps necessary to make the statutory scheme work.

Thus it is the workman's theory that if he can have the finality clause of the Occupational Disease Law stricken as unconstitutional he will obtain the benefits of the Occupational Disease Law by means of the procedural tools of the Workmen's Compensation Law. Since the workman's assumptions in this regard are mistaken, it is not necessary to decide the con-

stitutional questions tendered in the briefs and arguments.

First it is clear that the legislature, in enacting the procedural sections of the Occupational Disease Law,[①] did not intend to employ the procedural system which was already in operation with reference to the Workmen's Compensation Law. (See ORS 656.286). Trial by jury is no part of the Occupational Disease Law, and cannot be engrafted upon that statutory scheme by judicial construction. ORS 656.810 (3).

It is equally clear that the challenged sections of the Occupational Disease Law are not severable from the remainder of the statutory scheme. Under the test of severability found elsewhere in the code[②] it is ap-

---

[①] ORS 656.812 "(1) The medical board of review shall examine the claimant and all the records of his employment and claim, and from such examination make findings upon the issues of the claim.

"(2) Such findings, when made, shall be signed by at least two members of the medical board of review and shall contain the answers to the following questions:

"(a) Does claimant suffer from an occupational disease or infection? If so, what?

"(b) When was such disease or infection, if any, contracted, and approximately how long has claimant suffered therefrom?

"(c) Has such disease or infection, if any, been caused by and did it arise out of and in the course of claimant's regular actual employment in such industrial process, trade or occupation?

"(d) Is such disease, if any, disabling to the claimant?

"(e) If so, to what degree is claimant disabled by such occupational disease?

"(3) If the claim is for the death benefits under ORS 656.802 to 656.824, the medical board of review shall find on each of the questions in subsection (2) of this section as of a date immediately preceding the employe's death and in addition shall find the cause of death."

[②] ORS 174.040 "It shall be considered that it is the legislative intent, in the enactment of any statute, that if any part of the statute is held unconstitutional, the remaining parts shall remain in force unless:

"(1) The statute provides otherwise;

parent that the challenged sections are so essential to the legislative intent that without them the statute would not have been enacted.

The sections deemed by the workman to be unconstitutional may be summarized as follows: ORS 656.810 provides for the convening of a board of medical examiners, and confers upon such board the power to decide certain issues. ORS 656.812 sets forth the method of examination, the requirement of findings, and the issues to be decided. ORS 656.814 makes the findings of the medical board of review final, i.e., not subject to judicial review. It is this last section which, when read together with the first two, invites the question whether the legislature constitutionally may distribute a judicial function to an administrative tribunal and then make that tribunal's judgments final. But it is clear that the constitutionality of the scheme becomes relevant only if the challenged sections are severable, i.e., if any can be removed from the statutory scheme without doing violence to the intent of the legislature. The legislature apparently was of the opinion that there were significant differences between claims for compensation for occupational diseases and claims for compensation for industrial accidents. These differences prompted the legislature to provide that for diseases payments from the state fund ultimately should be screened by medical experts rather than by laymen. The court is satisfied from a reading of the

"(2) The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or

"(3) The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent."

entire statute that the Assembly would not have enacted an occupational-disease law granting compensation under the terms and conditions found in the present code unless at the same time it enacted the challenged procedural sections which cover the processing of such claims. Some of the reasons that may have prompted the enactment of the challenged legislation are discussed in *White v. State Ind. Acc. Com.,* supra. There may be others. It is sufficient for the purposes of this case to hold, as we do, that the challenged portions of the statute are not severable from the remainder thereof.

The workman has not asked us to strike down the entire statutory scheme, for to do so would be to strike down the only basis upon which he could be paid compensation. Therefore, there is no occasion for this court to strike down the statutory scheme. The case may be disposed of without reaching the constitutional questions.

The workman is faced with a dilemma. If the Occupational Disease Law is, as a whole, constitutional, then he is out of court because the decision of the medical board is final. If the challenged sections are unconstitutional, then the entire statutory scheme is defective. Under the pleadings, the workman's only right to recover out of the industrial accident fund would evaporate with the statute creating the right. Since the challenged portions of the statute are not severable from the remainder, the court need not decide the constitutional question. The plaintiff is without a remedy in the case at bar no matter which way the constitutional question might be decided.

Affirmed, costs to neither party.