570 P.2d 990 (1977)
31 Or.App. 479
Application of Wade Henry PYLE for a Writ of Habeas Corpus. Wade Henry Pyle, by and through Kent B. Thurber, His Guardian Ad Litem, Appellant,
v.
Dr. Dean K. BROOKS, Superintendent of the Oregon State Hospital, Respondent (Two Cases).
Court of Appeals of Oregon.
Argued and Submitted July 21, 1977.
Decided November 7, 1977.
*991 Kent B. Thurber, Marion-Polk Legal Aid Service, Inc., Salem, argued the cause for appellant. With him on the brief was Mary M. Dahlgren, Marion-Polk Legal Aid Service, Inc., Salem.
W. Michael Gillette, Sol. Gen., Salem, argued the cause for respondent. With him on the brief were James A. Redden, Atty. Gen., and Karen H. Green, Certified Law Student, Salem.
Before SCHWAB, C.J., and THORNTON and TANZER, JJ.
TANZER, Judge.
In separate declaratory judgment and habeas corpus proceedings, plaintiff challenged the constitutionality of that portion of ORS 426.220(1) relating to the voluntary civil commitment of minors. In the declaratory judgment suit, the circuit court granted summary judgment to defendant upon the reasoning that the challenged statute was constitutional. Plaintiff's petition for writ of habeas corpus was dismissed as moot upon his release from the state hospital.[1] This is a consolidated appeal from the judgments in both cases.
The facts are not disputed. On May 27, 1975, plaintiff, who was then 15 years old, was committed to the Oregon State Hospital by his mother, with the assistance of a Children's Services Division caseworker, *992 pursuant to procedures for the voluntary commitment of minors stated in ORS 426.220(1). Plaintiff was placed in an adult ward. He remained at the state hospital, without his consent, until December 5, 1975.
ORS 426.220(1) provides:
"Pursuant to rules and regulations promulgated by the Mental Health Division, the superintendent of any state hospital for the treatment and care of the mentally ill may admit and hospitalize therein as a patient, any person who may be suffering from nervous disorder or mental illness, and who voluntarily has made written application for such admission. No person under the age of 18 years shall be admitted as a patient to any such state hospital unless an application therefor in his behalf has been executed by his parent, adult next of kin or legal guardian. Except when a period of longer hospitalization has been imposed as a condition of admission, pursuant to rules and regulations of the division, no person voluntarily admitted to any state hospital shall be detained therein more than 72 hours after he, if at least 18 years of age, has given notice in writing of his desire to be discharged therefrom, or, if the patient is under the age of 18 years, after notice in writing has been given by his parent, adult next of kin or legal guardian that such parent, adult next of kin or legal guardian desires that such person be discharged therefrom."
Plaintiff contends that this statute is unconstitutional as applied to minors because it permits their civil commitment in state hospitals without their consent and without any of the procedural safeguards which are traditionally required before one's liberty is infringed upon by the state.[2] Plaintiff argues that this lack of procedural protection violates the due process clauses of the Oregon and United States constitutions. Moreover, because both minors and adults are accorded such safeguards when they are committed pursuant to the involuntary commitment procedures of ORS 426.070 to 426.170, plaintiff argues that the absence of such safeguards when a minor is committed against his will under ORS 426.220(1) is a denial of equal protection.[3]
We deal first with the habeas corpus issue. We do not reach the constitutional challenge because the statutory considerations are dispositive.[4] ORS 426.220(1) authorizes voluntary commitment, whether of adults or children, only "[p]ursuant to rules and regulations promulgated by the Mental Health Division."[5] No such rules have been promulgated.
Where the legislature authorizes an agency to take action which severely affects personal liberty and establishes certain prerequisites for such action, we may infer that the requirement that the agency act pursuant to rules is more than a formality. Rather, rules are a prerequisite to such action. We have so held regarding delegation of licensing authority, Sun Ray Dairy v. OLCC, 16 Or. App. 63, 517 P.2d 289 (1973), and our reasoning in that case relative to personal rights, legislative oversight, judicial review and public scrutiny are at least *993 equally pertinent to the grant of authority for official intrusion into one's life for mental health reasons. The statutory requirement that the Mental Health Division act pursuant to rules will be given effect. Action taken purportedly under the statute was therefore unauthorized by it and is voidable upon challenge. The writ of habeas corpus should have been granted.
The declaratory judgment issue is more difficult. Plaintiff contends that ORS 426.220(1) is constitutionally infirm because due process requires a judicial decision to commit.
The nonconsensual civil commitment of an individual is a deprivation of liberty which may not be undertaken by the state without due process, O'Connor v. Donaldson, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975), whether the individual is a minor or an adult, see, Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). However, the requirements of due process vary depending upon the nature of the individual interest involved, the extent of the state's interference with that interest, and the type of issues relevant to the validity of the state's interference. The cases of Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); and Floyd v. Motor Vehicles Div., 27 Or. App. 41, 554 P.2d 1024 rev. den. (1976), demonstrate the rule in other contexts. A determination of what procedures are constitutionally required when the state, acting upon the parent's request, places a nonconsenting child in a state-operated mental hospital requires consideration of the sensitive balance between the authority and responsibility of the parent, the interest of the state and the rights of the child. We assume that the procedure in such a situation must protect against unwarranted state-sanctioned deprivation of the child's liberty, but that it need not wholly abrogate the parental role of safeguarding both the mental and physical well-being of the child. See, Ellis, Volunteering Children: Parental Commitment of Minors to Mental Institutions, 62 Cal.L.Rev. 840 (1974).
It would be speculative for us to declare that it is impossible for the Mental Health Division to promulgate by rule administrative procedures which satisfy the requirements of due process. If and when the division promulgates rules in implementation of ORS 426.220(1) and a person with standing to do so challenges them, we will be able to make a declaration based upon reality rather than hypotheses. Moreover, the United States Supreme Court, although heretofore hesitant to analyze what procedures are constitutionally required in this context, see, Kremens v. Bartley, 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977), has recently agreed to consider the issue. Parham v. J.L., 412 F. Supp. 112 (U.S.D.C., M.D.Ga. 1976), prob. juris. noted ___ U.S. ___, 97 S.Ct. 2647, 53 L.Ed.2d 253 (1977). Because the authority to declare judgment is discretionary,[6] because such a declaration would have been speculative, and because plaintiff has obtained a relief in the habeas corpus proceeding, declaratory judgment should be denied. Campbell v. Henderson, 241 Or. 75, 403 P.2d 902 (1965).
The dismissal of the petition for habeas corpus is reversed; the summary judgment for defendant in the declaratory action is affirmed.
Reversed in part; affirmed in part.
THORNTON, Judge, concurring in part; dissenting in part.
While I concur with the majority on the second point, namely, that the summary judgment for defendant in the declaratory judgment action was proper, I disagree on *994 the first point, namely, that the writ of habeas corpus should issue.
The opinion concludes that inasmuch as the Mental Health Division failed to promulgate rules and regulations governing the voluntary commitment of minors, the instant voluntary commitment was a nullity.
This issue was not briefed or argued by the parties. In view of the effect the majority's decision on this point may have upon similar prior commitments, I think we should call for supplemental briefs before deciding it. Assuming, however, that we should take up this issue without benefit of briefs or argument, based on my limited research I cannot agree with the opinion's conclusion that defendant Dr. Brooks' actions in admitting and hospitalizing petitioner were void ab initio because the Mental Health Division neglected to promulgate rules and regulations.
While ORS 426.220 imposes a duty on the Mental Health Division to promulgate such rules and regulations, I can find nothing in ORS 426.220 or elsewhere to indicate that the legislature intended that the voluntary commitment of mentally ill persons pursuant to this provision should be inoperative until the Mental Health Division makes rules and regulations spelling out the procedure that the superintendent of any state mental hospital shall follow in deciding whether to admit and hospitalize such persons. Absent such showing, I believe the petition should be quashed. See, American Power Co. v. S.E.C., 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed. 103, 116 (1946); Weiner v. State Real Estate Commission, 184 Neb. 752, 171 N.W.2d 783 (1969). See also, Annotation, 163 A.L.R. 909 (1946); 2 Am.Jur.2d § 27 et seq., Administrative Law § 195 (1962).
NOTES
[1] This issue, as defendant concedes, is not moot because there may be collateral consequences of civil commitment, State v. Van Tassel, 5 Or. App. 376, 484 P.2d 1117 (1971).
[2] Specifically, plaintiff contends that, as a matter of due process, a minor committed under ORS 426.220(1) is entitled to: a precommitment "probable cause" hearing and a postcommitment evidentiary hearing before a judge; adequate notice of the hearings and of his rights pertinent thereto; independent legal counsel, appointed by the court in cases of indigency; the right to confront and cross-examine witnesses; the opportunity to present a defense; and the appointment of an independent examining physician. In view of our disposition of this case, we do not consider which if any of these rights are constitutionally required.
[3] U.S.Const., Amend. XIV, § 1; Or.Const. Art. I, § 20.
[4] This possible disposition was suggested, but not developed, in respondent's brief. It is consistent with the historical judicial practice of avoidance of constitutional issues where statutory issues are dispositive. State v. Franzone, 243 Or. 597, 415 P.2d 16 (1966); Dodd v. Ind. Acc. Com., 211 Or. 99, 310 P.2d 324, 311 P.2d 458, 315 P.2d 138 (1957).
[5] We note but need not here deal with the effect of Oregon Laws 1977, ch. 267, § 4, on the continuing validity of the rulemaking delegation of this statute to the division.
[6] ORS 28.010 provides:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree."